### No. 9761.

GEORGE L. BRIGHT vs. ADAM THOMPSON ET AL.

Where the amount in dispute is really under the lower limit of the jurisdiction of this Court, though in the averments and prayer it be greater, the claim will be considered as fictitious and the appeal dismissed.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

---

*Geo. L. Bright* and *H. L. Edwards* for Plaintiff and Appellant.

*T. Gilmore & Sons* for Defendants and Appellees.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff complains that a line of posts erected along Margaret Place and Camp street are a nuisance which ought to be abated; that they will injure to the extent of $2500 his property, which is some three squares from the "Place;" that he has so far sustained $200 damages, and is entitled to recover $300 for attorney's fees, for the prosecution of this suit.

From a judgment in favor of defendants this appeal is taken.

We have considered the evidence adduced below, and have failed to find any testimony or proof supporting the complaint and the damages claimed.

When on the stand, the plaintiff himself does not undertake to verify his allegations, and when asked about the damages, answers: " It is hard to fix the damages of a thing of that kind," and he proves none.

Far from showing that any injury has been inflicted on the petitioner, or any one else, or will be caused to any person or thing, the proof in the record is to the effect, that the posts complained of are an ornament, in every way beneficial to the public.

We even notice an ordinance of the city on the subject, which declares, " that for the purpose of adding to the usefulness of Margaret Place, as well as enhancing its beauty, and enlarging its area, for the recreation and pleasure of its visitors," the portion of the ground on which the posts have been erected was declared part and parcel of said Margaret Park, and dedicated by the city for that purpose.

A long line of precedents is to the effect that, where the matter in dispute is really under the lower limit of the jurisdiction of the appellate court, although on the averments and prayer it be greater, the claim must be considered as fictitious and conferring no jurisdiction, and the appeal must be dismissed.

Following that well established and conservative rule, we have no other alternative left than to apply it to the present litigation.

It is therefore ordered that the appeal in this case be dismissed at appellant's costs.