(62 South. 634.)

No. 19,925.

BLOOMFIELD v. THOMPSON, Com'r of Public Utility, et al.

(May 26, 1913.   Rehearing Denied June 30, 1913.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR (§ 47*)—JURISDICTION OF SUPREME COURT—AMOUNT INVOLVED.

The court is not bound by allegations of value, even if sworn to, where the contrary of the allegation is manifest, and where plaintiff, in an action to enjoin the enforcement of an ordinance creating a commissioner of public utilities, alleged ownership of two bonds of the commission of $1,000 each, alleged to be worth over $2,000, but did not explain how the bonds would be rendered valueless by the change sought to be enjoined; and, where it appeared affirmatively that they had increased in value since the change, there was not such a showing that the amount involved exceeded $2,000 as to give the Supreme Court jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 202–225; Dec. Dig. § 47.*]

2. MUNICIPAL CORPORATIONS (§ 993*) — INJUNCTION AGAINST ENFORCEMENT OF ORDINANCE—RIGHT OF TAXPAYER.

A taxpayer has a standing to enjoin unauthorized acts of a municipality, where the effect complained of will probably be to increase the burden of taxation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2158–2161; Dec. Dig. § 993.*]

3. APPEAL AND ERROR (§ 50*) — SUPREME COURT—AFFIRMATIVE SHOWING OF JURISDICTION—AMOUNT INVOLVED.

In a taxpayer's action to enjoin unauthorized acts of a municipality, the test of appellate jurisdiction is not the amount of his tax or of the probable increase thereof, but the moneyed amount involved in the corporate action sought to be enjoined; but, without a showing that by such acts the burden of taxation would probably be increased by the insufficiency of city revenues to pay municipal bonds, the Supreme Court will not take jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 233–236, 239–253; Dec. Dig. § 50.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Injunction by William B. Bloomfield against William B. Thompson, Commissioner of Public Utility of the City of New Orleans, and the City of New Orleans. Judgment for plaintiff, and defendants appeal. Dismissed.

Charles Rosen, of New Orleans (J. D. Hill, of New Orleans, of counsel), for appellants. I. D. Moore, City Atty., J. J. Reilley, Asst. City Atty., and John F. C. Waldo, all of New Orleans, for appellee.

PROVOSTY, J.   Ordinance 2683, N. C. S., by which the public Belt commission of the city of New Orleans was organized, of which a certified copy is alleged to be annexed to the petition of plaintiff and made a part thereof, is not in the record; and, as a consequence, we are left in doubt as to whether the action of the commission council, of which plaintiff complains in this suit, consisted of the reorganization in toto of the said Belt commission, or merely of the addition of the commissioner of public utility to its membership, and the investing of that member with the function theretofore intrusted to the president pro tem. of the said Belt commission.   We do not know however, that the point is material, since the complaint of plaintiff is not that the Belt commission was reorganized, but that the office of president pro tem. was abolished and the functions thereof transferred to the commissioner of public utilities, who is made a member of the commission.

The case is now before us only on the motion to dismiss the appeal, the ground of the motion being that the amount in dispute does not exceed $2,000, and that the case is not one of those of which this court has jurisdiction irrespective of amount in dispute.

[1-3] The suit is an injunction to prevent the carrying out of Ordinance 741, Commission Council Series, by which the change just stated in the composition of the Belt commission was made; and plaintiff brings it in his double capacity of holder of two bonds of the Belt commission of $1,000 each, alleged

to be worth over $2,000, and of a taxpayer of the city of New Orleans.

Plaintiff argues that the value of the bonds is the test of the jurisdiction, because the allegation is made in the petition and sworn to; that as an effect of the carrying out of said ordinance the value of the bonds will be impaired and destroyed.

Suffice it to say of this that by a settled jurisprudence this court is not bound by allegations of value, even if sworn to, where the contrary of the allegation is manifest (Nick v. Bensberg, 123 La. 351, 48 South. 986); and that the present case exhibits such manifest disparity, since plaintiff does not explain, and it is impossible to conceive how these bonds could be rendered valueless by the change in question, and since the evidence shows affirmatively that the bonds in question have actually gained, instead of lost, value since the said change was made, though not necessarily as a result of the change.

Plaintiff also argues that a taxpayer has a standing to enjoin the unauthorized acts of the municipality, where the effect of the acts complained of will probably be to increase his burden of taxation, and that in such a case the test of jurisdiction is not the amount of his tax, or of the probable increase in his burden, but the moneyed amount involved in the corporate action sought to be enjoined.

That proposition is incontestable; but, in order to take advantage of it, the taxpayer must show the probability of his burden of taxation being increased, and such probability is wholly absent from this case. True, the bonds of the Belt commission will have to be paid out of the city treasury in case the revenues of the Belt road prove insufficient for that purpose; but there is a total absence of any ground for assuming that the change in question will tend to diminish, in the slightest degree, the chances of the said revenues and property proving sufficient.

Appeal dismissed.