(92 South. 373)

No. 23545.

## LO CICERO v. SOCIETA ITALIANA DI M. B. CRISTOFORO COLUMBO.

(May 22, 1922. Rehearing Denied by Division A June 10, 1922.)

*(Syllabus by the Court.)*

1. **Costs** ⊙⇒232—**Courts** ⊙⇒224(9)—**Appeal transferred when claim inflated to give jurisdiction; on transfer of appeal in which claim inflated to give jurisdiction, costs taxed against plaintiff.**

Where plaintiff's claim is manifestly inflated for the purpose of giving appellate jurisdiction to this court, the appeal will not be entertained here, but will be transferred to the proper appellate court; and plaintiff will be taxed with the costs of this court.

*(Additional Syllabus by Editorial Staff.)*

2. **Beneficial associations** ⊙⇒18(6)—**Damages from failure to furnish carriages for funeral held nominal.**

Where a society of which plaintiff's deceased husband was a member in refusing to allow its funeral committee to attend his wake and funeral, or furnish carriages as provided in its by-laws, was not prompted by ill will or malice, but solely by the belief that deceased was not entitled to benefits, and no friends or relatives noticed or commented on the absence of the committee or saw anything unusual about the funeral, the damages recoverable would be only nominal.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by the Widow Gaspare Lo Cicero against the Societa Italiana Di M. B. Cristoforo Columbo. From a judgment for plaintiff, defendant appeals. Appeal transferred to Court of Appeal.

Loys Charbonnet and Raymond Gauche, both of New Orleans, for appellant.

Theo. Cotonio, of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. Plaintiff, as widow of a deceased member of the defendant society, claims $2,000 from the defendant for "having been grossly humiliated and having suffered great mental anguish and distress," by reason of said society having "refused to allow its funeral committee to attend the wake and funeral, or to furnish carriages," as provided for in its by-laws; said society being prompted thereto "by a spirit of malice and ill will, with the express purpose and design of insulting and embarrassing petitioner, in utter disregard of her feelings, and to injure petitioner and her family in the estimation of her friends and relatives."

She also claims a death benefit of $275 and a funeral benefit of $50, or $325 in all, as due her under the by-laws.

The defense was that plaintiff's husband was *not in good standing* at the time of his death.

The trial judge allowed plaintiff the aforesaid sum of $325, but rejected her demand for alleged "injuries to her feelings."

Defendant appealed, and plaintiff has answered claiming an increase.

I.

We are not judging this case, as we intend declining jurisdiction thereof. But assuming that plaintiff has some claim against defendant, it is clear on the very face of her petition that her claim is grossly exaggerated. And this is still more apparent from an examination of the evidence adduced in support thereof. We refer, of course, only to that part of the demand in which she claims $2,000 for injury to feelings by reason of the society's failure to send its committee and carriages to the funeral.

[2] For even assuming that the petition discloses a cause of action as to this (about which we express no opinion), the damages due her on that head would be *nominal*, as not the least evidence has been adduced that the society and its members had even the

slightest ill will or malice towards the deceased or his widow; on the contrary, they allowed the body to be buried in their tomb. And the sum and substance of the whole matter is that the society (whether right or wrong on that score) simply did not think that the deceased was entitled to benefits and acted under that belief, without the least malice or ill will towards anyone.

Nor is there in the record the least evidence that any friends or relatives noticed or commented upon the absence of the committee, or saw anything unusual about the funeral. And to that end we quote the whole of the testimony adduced by plaintiff on that subject, viz.:

By Mrs. Gaspare Lo Cicero, the plaintiff:

Q. When your husband died, did you notify any society? A. No, sir.

Q. Did anybody notify any society for you? A. My brother-in-law.

Q. Did any society, or any committee, attend your husband's wake? A. No, sir.

Q. Did they give him any funeral? A. No, sir.

Q. Where was your husband buried? A. Metairie Cemetery.

Q. In whose tomb? A. In the Columbo tomb.

Q. You mean the society against whom this suit is brought? A. Yes, sir.

By Gaspare Lo Cicero, a cousin:

Q. Did you have any interviews with any members of the society? A. Yes, sir.

Q. Who did you see? A. I went to see Mr. Montana a couple of days after the funeral.

Q. How about the day of the funeral? A. The day of the funeral nobody showed up from the society; no carriages, no pall bearers; and nobody stayed there that night.

Q. Did you go to the society before he was buried? A. Yes; I spoke to the secretary, Mr. Montana, the same night, before the boy was taken home.

Q. What did you tell Mr. Montana? A. That the boy was dead; and they fixed for the tomb, and the next day the family was waiting for the carriages, and nobody showed up.

## II.

[1] Under these circumstances, we cannot conceive how plaintiff could possibly expect to recover an amount even approximating the lower limit of this court's jurisdiction ($2,000); and hence we conclude that plaintiff has exaggerated her claim for the purpose of giving this court jurisdiction. That she cannot do; and accordingly we will transfer the case to the proper appellate court, taxing her with the costs of this court.

### Decree.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided that same be lodged in that court within 15 days after this decree becomes final; plaintiff to pay the costs of this court, and all other costs to abide the final result.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY, and Justices OVERTON and LECHE.