## SEMORE v. SOUTHERN LIFE & HEALTH INS. CO.*

### No. 4492.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Bryan E. Bush, of Shreveport, for appellant.

Henry F. Turner and John G. Gibbs, both of Shreveport, for appellee.

TALIAFERRO, Judge.

Defendant issued to plaintiff its policy No. 1549372, under which it was obligated to pay plaintiff at the rate of $5 per week, for the period of any illness necessitating confinement to bed, within certain limitations stipulated in the policy. She brought this suit to recover "sick benefits" under the terms of her policy for the two weeks beginning July 14, 1931, and for the four weeks following September 30, 1931, a total of $30. She also sued for double indemnity and attorney's fees of $100 on account of defendant's arbitrary refusal to pay her said claim after submission of due proof of her right to such amount. She admits $5 was tendered to her by defendant.

Defendant admits issuance of said policy and its offer to pay plaintiff $5 beginning July 14, 1931, as alleged by her; but in all other respects the allegations of the petition are denied. After trial in the lower court there was judgment in favor of plaintiff for her illness of two weeks in July 1931, with double indemnity and $25 attorney's fees, as authorized by section 3 of Act No. 310 of 1910, a total of $45; otherwise her demands were rejected.

Defendant has appealed. Plaintiff did not answer the appeal, but in her brief she prays for increase of the judgment to $85.

The lower court found from the facts that plaintiff had not given any notice to defendant of her alleged illness in October, 1931, and in other respects had not complied with the terms of the policy as a condition precedent to recovery of "sick benefits" for that period. We think the evidence clearly sustains these conclusions of the trial court.

The maximum amount of plaintiff's claim is

*Rehearing denied April 28, 1933.

for six weeks' illness at $5 per week, and double indemnity for that period, or $60, and attorney's fees. In this court she acquiesces in the amount of attorney's fees as fixed by the lower court. This fee is reasonable. Plaintiff was doubtless not serious in suing for $100 for her counsel as part of the penalty to be assessed against defendant for its failure to promptly comply with its policy obligations.

In view of the foregoing facts, it is clear that less than $100 is involved in this appeal. Courts are authorized to take notice of obvious inflations of amounts sued for in order to determine the question of jurisdiction.

In the case of Southern Furniture Co. v. B. A. Mead et al., 146 So. 341, 342, decided by this court March 6, 1933, in considering a question very much like that presented in the instant case, we said: "It has been repeatedly held that wherever the matter in dispute appears to be under the lower limit of the jurisdiction of the appellate court, although the allegations and prayer of the petition disclose a greater amount, the claim will be treated as not serious and as designedly inflated and fictitious for jurisdictional purposes. When such conditions are found to exist, the court will dismiss the appeal ex proprio motu." Wagner v. N. O. Ry. & Light Co., 151 La. 400, 91 So. 817; Bright v. Thompson, 38 La. Ann. 801; Pinckney v. Wolf, 41 La. Ann. 306, 6 So. 27; Lea v. Orleans, 46 La. Ann. 1444, 16 So. 456; Williamson v. Ruston Steam Laundry, 17 La. App. 141, 134 So. 720.

For the reasons assigned herein, this appeal is dismissed, at cost of appellant.

MILLS, J., recused.