Gordon Grigsby, the beneficiary under a life insurance policy issued by the First National Life Insurance Company to his deceased wife, Emma Grigsby, brings this action to recover the death benefit stipulated by the contract. From a judgment in plaintiff's favor for $75, defendant appeals.
This court, obviously, is without jurisdiction of the controversy ratione materiae, because less than $100, exclusive of interest, was in dispute when it was submitted to the district court for determination. Article 7, Section 29, Louisiana Constitution of 1921.
In the case of Southern Furniture Company v. B.A. Mead et al., La.App., 146 So. 341, 342, we stated: "It has been repeatedly held that wherever the matter in dispute appears to be under the lower limit of the jurisdiction of the appellate court, although the allegations and prayer of the petition disclose a greater amount, the claim will be treated as not serious and as designedly inflated and fictitious for jurisdictional purposes. When such conditions are found to exist, the court will dismiss the appeal ex proprio motu." (Citing numerous authorities).
This doctrine was also applied in the later case of Semore v. Southern Life Health Insurance Company, La.App., 147 So. 80.
Plaintiff, in his petition, alleges defendant's issuance of the policy bearing the date of March 11, 1940, and that the insured died on April 30, 1940, or less than two months later. Attached to and made a part of the petition is the contract of the stated date, the provisions of which, as has been held on many occasions, control the allegations. This policy recites a maximum death benefit of $150, being the amount for which plaintiff sues; but it qualifies that recital with a provision reading: "One-half of the death benefit provided for in above schedule is payable by the company should death occur from any accident occurring or illness contracted before this Policy has been in force for six months."
When the quoted provision is read into and in connection with the petition, plaintiff's action demands and places in dispute the benefit that is appropriate for death occurring within six months after the contract's effective date. This is one-half of the maximum amount of $150, or $75; and it is under the lower limit of this court's jurisdiction.
It is noticed that plaintiff also asks a reasonable attorney's fee for the bringing of this suit, no definite sum being suggested. But this, in our opinion, does not affect the jurisdictional issue under consideration.
Attorney's fees for the prosecution of litigation are allowable only when specifically authorized by law, and there appears to be no authority for granting them in a case of this kind. Act No. 17 of 1920, which deals with delays by insurance companies in the settlement of *Page 744 
death claims, provides, as a penalty, only for the payment of six (6%) per cent per annum interest. The penalty and attorney's fees authorized by Act No. 310 of 1910 can be imposed only in certain cases of illness and accident, the provisions of that statute not being applicable where the suit is for the death of the person insured. Harding v. Metropolitan Life Insurance Company, La.App., 188 So. 177; Michel v. London Lancashire Indemnity Company,162 La. 160, 110 So. 186; Brown v. Continental Casualty Company,161 La. 229, 108 So. 464, 45 A.L.R. 1521.
The appeal, accordingly, is dismissed.
DREW and TALIAFERRO, JJ., concur.