66 So.2d 800

**BRANTLEY v. TUGWELL.**

No. 39577.

July 3, 1953.

Shotwell & Brown, by Burt W. Sperry, Monroe, for appellant.

Harvey G. Fields, Farmerville, for defendant-appellee.

McCALEB, Justice.

Plaintiff seeks recovery on a $2,000 check issued to her by defendant on which pay-ment was stopped because of failure of consideration. Additionally, she claims $300 attorney's fees on the theory that, by reason of defendant's refusal to pay the check, it has been necessary that she employ counsel to prosecute the suit and that she has obligated herself to pay him that amount. Following a trial of the case on its merits, the position of defendant was sustained and the suit dismissed. Plaintiff then appealed to this court from the adverse decision.

When the case was posted for argument on our calendar, plaintiff moved that her appeal be transferred to the Court of Appeal because the amount in dispute does not exceed $2,000, exclusive of interest,[1] as prescribed by Section 10 of Article 7 of the Constitution, inasmuch as she is not entitled under the law to recover the attorney's fees claimed in her petition.

Defendant has opposed this motion on the ground that, since the demand, including the attorney's fees, is for more than $2,000, the appeal is cognizable here.

Thus, it appears that our appellate jurisdiction is dependent upon whether the claim for $300 attorney's fees may be considered to be a part of the amount in dispute.

It is established that, where a party agrees by contract to pay a stipulated or a reasonable attorney's fee in case it is necessary to institute suit to enforce the contract,

[1] Costs are also excluded from consideration in determining the amount in controversy. Article 91, Code of Practice.

an obligation is thereby created with liability attaching the instant that suit is brought and, consequently, this liability is a part of the amount in controversy. Succession of Foster, 51 La.Ann. 1670, 26 So. 568; Foundation Finance Co. v. Robbins, La.App., 144 So. 293 and Perrault v. Proffer, La.App., 33 So.2d 579. And the same result would obtain in cases where the attorney's fees are recoverable by statute.

■ On the other hand, it is equally well settled that attorney's fees are not recoverable in a civil action in the absence of statute or contract. See Rhodes v. Collier, 215 La. 754, 41 So.2d 669 and cases there cited. The only exception, of which we are aware, is made in conservatory writs where the defendant succeeds in having the writ dissolved on motion and not on defenses applicable to the merits. Edwards v. Wiseman, 198 La. 382, 3 So.2d 661. In such instances, the attorney's fees of the defendant is a recoverable item of damages. Smith v. Atkins, La.App., 23 So.2d 649.

■ Accordingly, in the case at bar, since the attorney's fees do not arise from contract or statute or as damages for dissolution of a conservatory writ, it is plain that plaintiff could not have seriously expected to have obtained recovery of the $300 claim. Hence it falls within the same category as an inflated claim for damages and, insofar as our appellate jurisdiction is concerned, cannot be regarded as part of the amount in controversy.[2] In the cases involving claims for damages, this court has ruled time and again that it will not accept jurisdiction where it is obvious, from the nature of the demands, that they are exaggerated to such an extent that plaintiff could not expect to obtain a judgment in excess of our minimum jurisdictional requirements. See Trahan v. Breaux, 212 La. 459, 32 So.2d 845 and Nash v. Curette, 218 La. 789, 51 So.2d 71 and the many authorities cited in those matters.

It is therefore ordered that this case be transferred to the Court of Appeal, Second Circuit, the transfer to be made within 30 days after this decree has become final; otherwise, the appeal is to be dismissed. Plaintiff is to pay the costs of appeal to this court and the costs of transferring the case to the Court of Appeal.

2. The ruling to the contrary in Shaver v. Abrams, La.App., 20 So.2d 42 will not be followed.