84 So.2d 437

Henry GRIFFIN and Elry Griffin

v.

BANK OF ABBEVILLE & TRUST COMPANY.

No. 41704.

Dec. 12, 1955.

J. Minos Simon, Lafayette, for plaintiffs-appellants.

Davidson, Meaux, Onebane & Nehrbass, Lafayette, for defendant-appellee.

HAWTHORNE, Justice.

In this suit plaintiffs seek to recover $1,994.61, alleged to be one-fifth of the proceeds of the sale of a quantity of rice, which had been collected by the defendant Bank of Abbeville & Trust Company and applied to an indebtedness of the plaintiffs. In addition to this amount they also ask for $1,000 in damages which they allege they suffered on account of harassment and inconvenience, and $765.00 as attorney's fees. From an adverse judgment plaintiffs appealed to the Court of Appeal, First Circuit. The appeal was transferred to this court by the Court of Appeal because that court was of the opinion that the amount in dispute exceeded $2,000 and hence that appellate jurisdiction was vested in the Supreme Court. See 69 So.2d 153.

Plaintiffs do not base their claim for attorney's fees on any contract or statute or on the theory that the fees are damages for the dissolution of a conservatory writ. Consequently, as we pointed out in Brantley v. Tugwell, 223 La. 763, 66 So.2d 800, the claim for attorney's fees in this case falls in the same category as an inflated claim for damages, and is one on which plaintiffs cannot expect to recover anything.

In their petition plaintiffs allege that "as a result of this tortious conduct on the part of defendants herein, they have been made to suffer harassment and inconvenience for which they claim damages in the sum of ($1,000.00) Dollars". Plaintiffs amended their petition in an effort to show in what manner they suffered harassment and inconvenience, but we do not think that the amendment added anything to the original allegation. Plaintiffs could not have seriously expected to obtain recovery of any sum whatever as damages for harassment and inconvenience as such a claim has no basis in Louisiana law in a suit to recover money allegedly due,[1] and this claim also falls within the same category as an inflated claim for damages and cannot be regarded as part of the amount in controversy so far as our appellate jurisdiction is concerned. See Brantley v. Tugwell, supra.

Consequently the only amount actually in dispute in this case is $1,994.61, which is below our minimum jurisdictional amount.

Accordingly, this case is ordered transferred to the Court of Appeal, First Circuit, provided that the record is filed in that court within 30 days from the date on which this decree becomes final; otherwise the appeal will be dismissed. All costs are to await final determination of the case.

1. Apparently realizing this fact, counsel for plaintiffs attempted to waive this claim in the Court of Appeal.