85 So.2d 518

Isaac DES ORMEAUX

v.

L. P. DUFOUR.

No. 42008.

Jan. 16, 1956.

Mestayer & Mestayer, New Iberia, for appellant.

Mouton, Champagne & Colomb, Davidson, Meaux, Onebane & Nehrbass, Douglas J. Nehrbass, Lafayette, for defendant-appellee.

FOURNET, Chief Justice.

This Court is clearly without jurisdiction of this appeal. Under the well settled jurisprudence of this State, where claims for damages are obviously inflated or exaggerated, or if the nature of the case is such that an award in plaintiff's favor could not exceed our minimum appellate jurisdiction of $2,000, plaintiff's allegations as to the amount in dispute do not control. See Bright v. Thompson, 38 La.Ann. 801; Lea v. Orleans, 46 La.Ann. 1444, 16 So. 456; Nick v. Bensberg, 123 La. 351, 48 So. 986; Quaglino v. Curren, 127 La. 126, 53 So. 464; Bloomfield v. Thompson, 133 La. 209, 62 So. 634; French v. Trout Creek Lumber Co., 141 La. 18, 74 So. 575; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Buck v. Latimer, 151 La. 883, 92 So. 372; Lo Cicero v. Societa Italiana Di M. B. Cristoforo Columbo, 151 La. 887, 92 So. 373; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Bensel v. Kuhlman, 154 La. 150, 97 So. 347; Guidry v. Breaux, 158 La. 1002, 105 So. 43; Walsh v. Bush, 206 La. 303, 19 So.2d 144; Trahan v. Breaux, 212 La. 459, 32 So.2d 845; Nash v. Curette, 218 La. 789, 51 So.2d 71; Brantley v. Tugwell, 223 La. 763, 66 So.2d 800; Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437.

Plaintiff in this suit is seeking to recover damages for the alleged tortious conversion of two Holstein cows [1] for which he claims

---

1. Under the terms of a verbal agreement of about July 1, 1950, the plaintiff purchased from the defendant 50 cows, 25 of these to be Holsteins and 25 to be Jerseys—this being the major portion of defendant's herd. The remainder of defendant's cattle were removed from the pasture (at the time under lease to plaintiff, but previously leased by defendant), and it was later discovered that whereas 50 cows had been left, 27 of them were Jerseys and only 23 were Holsteins.

$500 each; and in addition he claims the value of two calves that were to be born to the cows, $100 each; the profits which would have been derived from the milk, estimated at $700; and $200 additional on account of the defendant "in general taking the law into his own hands"—a total of $2,100.

Clearly, the plaintiff would be entitled to recover the two cows allegedly removed from his premises, or their value, but we do not think he could have reasonably expected to recover to the extent of his claim of $500 for each cow when the record shows that the price paid for the fifty head of cattle purchased from the defendant was a lump sum of $12,000, which averaged $240 per head; and while there is testimony that Holstein cattle are heavier than Jersey and somewhat more valuable, there is no allegation in the petition from which a conclusion can be drawn that the two cows were worth $500 each, and the proof in the record does not support that value. Moreover, for jurisdictional purposes we are not disposed to consider the claims for the two calves and for the milk which the cows would have produced had the calves been born, these being, in our

opinion, too speculative; nor do we think the plaintiff could have reasonably expected to recover the additional $200 (claimed in his petition on the ground that defendant took the law into his own hands, but labeled in his brief as being damages for "inconvenience, etc."[2]) in the face of his allegation that following the alleged conversion of the cattle and his demand on defendant that they be returned, he and the defendant entered into a new agreement whereby the defendant "agreed to bring two Holstein cows which would be acceptable to your petitioner in the month of October, 1950" —and it is upon this new agreement that his suit is based, although in his counsel's argument his claims are grounded on the alleged tortious conversion of the two cows.

For the reasons assigned, this case is ordered transferred to the Court of Appeal, First Circuit, provided that the record is filed in that Court within 30 days from the date on which this decree becomes final; otherwise the appeal shall be dismissed; the appellant to pay the costs of this appeal to the Supreme Court; all other costs to await the final disposition of the case.

2. In the recent case of Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437, we held that claims for damages because of alleged harassment and inconvenience, having no basis in Louisiana law in a suit to recover money allegedly due, could not be considered in arriving at the amount in dispute for jurisdictional purposes.