McCALEB, Justice.
 

 Plaintiff is suing her former husband for $4,041.24, composed in part of damages allegedly sustained by her as a consequence of his asserted breach of a community property settlement. The parties were legally separated by judgment signed on February 24, 1947 and, on March 8, 1947 a notarial act was executed under which the community estate formerly existing between them was partitioned and settled. In this agreement, plaintiff bound herself for the payment of any and all obligations incurred by her from and after November 15, 1946 and defendant obligated himself to pay all debts incurred in the operation of Koretke Brass & Manufacturing Co. Inc., a business owned and managed by him.
 

 On March 15, 1947, conformably with his previous custom, defendant filed separate individual federal income tax returns covering the calendar year 1946 and payment of the taxes due on both his and his wife’s return was made by carrying forward overpayments from 1945 and estimates made and paid for the year 1946, during which time the community was still in existence. Subsequently, the federal govenment reviewed the returns and entered a notice of deficiency in the tax paid by each party in the amount of $1,281.36. Defendant compromised his personal deficiency with the government but plaintiff made no effort to have the matter of her liability adjusted and, as a result, the Revenue Department filed a lien for $1,539.74 against real estate owned by her in the city of New Orleans.
 

 Contending that defendant is responsible for this tax liability, plaintiff filed this suit in which she claims, in addition to the $1,539.74 federal tax claim, $1.50 for costs of filing the lien, $500 for attorney’s fees, $1,000 for personal damages and $1,000 for damage to'her property.
 

 After a trial there was judgment dismissing plaintiff’s suit and she prosecuted an appeal to this Court.
 

 
 *1095
 
 It is manifest that we are without jurisdiction of the appeal as the most that plaintiff had any reasonable hope to recover was $1,539.74 plus $1.50 liability for recordation of the tax lien. It has been many times decided that, in determining our appellate jurisdiction when it is invoked on the ground that more than $2,000 is in controversy (see Section 10 of Article 7 of the Constitution), this Court will not accept inflated claims for damages for •harassment, inconvenience and the like, but will value them realistically in the light of the jurisprudence. And, by the same process of reasoning, we have declared that claims having no basis for recovery under Louisiana law fall within the same category as an inflated claim for damages and cannot be regarded as part of the amount in dispute. See Brantley v. Tugwell, 223 La. 763, 66 So.2d 800; Griffin v. Bank of Abbeville & Trust Company, 228 La. 857, 84 So.2d 437 and Des Ormeaux v. Dufour, 229 La. 287, 85 So.2d 518 and the many authorities there cited.
 

 In this case three items totalling $2,500 are not recoverable under our law. One of these is for $500 attorney’s fees which are not actionable, in the absence of a statute or contract, save as damages for the dissolution of a conservatory writ. Brantley v. Tugwell, supra; Griffin v. Bank of Abbeville & Trust Co., supra, and Tanner v. Tanner, 229 La. 399, 86 So.2d 80.
 

 The item of $1,000 for plaintiff’s personal damages is founded on the allegation that defendant’s failure to pay the tax lien has caused her worry, embarrassment and inconvenience, particularly since she was pregnant at the time. We know of no law making such a claim cognizable.
 

 In the same category is the other $1,000 item for damages to plaintiff’s property, which is based on the theory that the lien filed by the Department of Internal Revenue has cast a cloud on the title of the real estate and made it difficult for plaintiff to obtain a loan thereon. Aside from the fact that the alleged damages are highly speculative, we do not perceive why the action taken by the federal government would render defendant liable to plaintiff for such damages even if it is ultimately determined that he should reimburse her for the tax liability.
 

 It is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, the transfer to be made within 30 days after this decree has become final; otherwise, the appeal is to be dismissed. Plaintiff is to pay the costs of appeal to this court and the costs of transferring the case to the Court of Appeal.