GLADNEY, Judge.
This suit involves the ownership of a horse. Both parties litigant attempted to prove their respective claims by numerous *726 witnesses, each one of whom had had some knowledge of the animal in question. Following a trial in which the testimony apparently was honest and sincere the trial judge ruled the plaintiff had not borne his burden of proof as to ownership of the horse and rejected his demands. The ruling likewise denied a reconventional demand asserted by the defendant. From this judgment plaintiff alone has appealed.
Although no question of jurisdiction has been raised by appellee, we are without right to consider the appeal for it is a manifest fact the amount in controversy does not exceed $100, exclusive of interest, or any amount sufficient to confer jurisdiction under the provisions of the Constitution of Louisiana.
Plaintiff’s petition alleges the ownership of a dark brown mare, aged seven years, branded “C” on the lower part of the left front shoulder, which was acquired from Art Cox in the fall of 19S4. The value of said animal is stated to be $200. The respondent admitted to possession of a dark brown mare approximately eight years of age, and averred he purchased it from one Hosea Pruitt in 1957 for the sum of $40. Alternatively, through reconvention Hard-wick claims the sum of $160 for breaking and training the animal to the saddle, feed and pasturage and for breeding to a registered quarter horse. The defendant, the appellee herein, has neither appealed nor filed answer to the appeal. During the trial of the case not less than six witnesses, some of whom had at one time or another had possession of the horse, gave their opinions as to its value. These estimates ranged from $15 to $75 and conclusively show that when the case was submitted to the court a quo, the value of the horse was less than $100.
The appellate jurisdiction of the Courts of Appeal of this state is determined by the Louisiana Constitution, and, except in instances where jurisdiction is expressly conferred upon the Supreme Court, their jurisdiction is prescribed in Sections 29, 35 and 48 of Article VII, LSA. These sections provide such courts shall have appellate jurisdiction only of “all cases, civil and probate, of which * * * the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest * *
District courts, except those in the Parish of Orleans, are invested, Section 35, with original jurisdiction in civil matters regardless of the amount in dispute, or fund to be distributed, and concurrently with Justices of the Peace in matters where the amount in dispute, or fund to be distributed is less than $100, exclusive of interest; and in all cases where the title to real estate, or the right to office, or other public position, or civil or political rights are involved, and in all cases where no specific amount is in contest.
Justices of the Peace are given concurrent jurisdiction with the district court in all civil matters when the amount in dispute shall not exceed $100, exclusive of interest, including suits for the possession or ownership of movable property, not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed said amount.
 Even where there is no motion to dismiss the appeal for lack of jurisdiction, the court must take judicial cognizance of the matter and consider whether the appeal is properly before it. Cavin v. Camus, La. App.1935, 164 So. 645; Broddick v. Schlesinger, La.App.1947, 32 So.2d 97; art. VII, par. 10, Louisiana Constitution of 1921— LSA; Breaux v. City of Sulphur, La.App. 1956, 85 So.2d 723. Although no pleading has been filed herein inviting our attention to the absence of jurisdiction in this court, this is unnecessary for the court is bound sua sponte to recognize that fact and act upon it. Art. 606 of the Code of Practice; Walker v. Fitzgerald, La.App.1946, 24 So. *727 2d 263; Accardo v. Dimiceli, La.App. 1953, 66 So.2d 348; Haney v. Dunn, La.App. 1954, 71 So.2d 363; Stanfill v. Gibbs, La. App.1957, 98 So.2d 565.
Appellate courts must of themselves determine the amount in dispute in order to resolve whether the value of the thing in contest meets their judisdictional test. The test of jurisdiction of an appellate court so far as it is determined by the amount or value in contest, is not the amount or value sued for, but the amount or value remaining in contest when the case has been submitted in the court of original jurisdiction. Crowell & Spencer Lumber Company v. Lynch, 1924, 157 La. 21, 101 So. 797; Ledet v. Rodgers, 1952, 220 La. 650, 57 So.2d 217, appeal transferred, La.App., 59 So.2d 502; Morgan v. Dixie Electric Membership Corporation, La.App.1955, 79 So.2d 144. The right of the Supreme Court to determine fact questions affecting jurisdiction is a rule of practice regulating appeals and is applicable to courts of appeal. Code of Practice, art. 877; Constitution of 1921, art. VII, § 27-LSA; Morgan v. Kent, La.App. 1955, 83 So.2d 672. Where damages or amounts claimed in pleadings are evidently exaggerated, they will be disregarded by the appellate court in determining the question of its pecuniary jurisdiction of appeal from a judgment of dismissal. Nash v. Curette, 1951, 218 La. 789, 51 So.2d 71; Jackson v. Perkins, 1952, 221 La. 525, 59 So. 2d 708, appeal transferred, La.App., 61 So.2d 567, followed in, La.App., 61 So.2d 572; Brantley v. Tugwell, 1953, 223 La. 763, 66 So.2d 800, appeal transferred, La.App., 68 So.2d 793; McNeill v. Elchinger, 1957, 231 La. 1090, 93 So.2d 669, appeal transferred, La.App., 78 So.2d 222.
The amount involved in the appeal on the main demand, which in this instance is measured by the value of the animal whose ownership is in controversy, is insufficient to confer jurisdiction upon this court.
It follows from the findings both as to law and fact as hereinabove set forth, the appeal must be and is hereby dismissed at appellant’s cost.