AYRES, Judge.
By this action, plaintiff seeks to recover salary allegedly due him as a regular and permanent school bus operator for the Grant Parish School Board for the school year of 1958-1959, and until November 5, 1959, when he was discharged in accordance with the provisions of the School Bus Operators’ Tenure Act, LSA-R.S. 17:491 et seq.
The defense is that the school bus route served by plaintiff was consolidated with other routes by the defendant school board, August 28, 1958, and that, by plaintiff’s inaction, he acquiesced in the action taken by the board; and that, by his delay, until August 27, 1959, in instituting this action, he is guilty of laches barring and precluding his recovery. This defense was presented in a plea of estoppel and by an exception of no cause and of no right of action, as well as in an answer filed after the exception was overruled and the plea referred to the trial of the merits of the case. This defense was sustained and plaintiff’s demands rejected, and, from the judgment accordingly rendered and signed, plaintiff appealed to this court.
That plaintiff had acquired and enjoyed the status of a regular and permanent school bus operator by six years’ service prior to the beginning of the school session of 1958-1959 is not only established by the record but admitted by the Parish Superintendent of Schools, as was his salary of $2,100 for the school year.
In the absence of sustaining defendant’s defense, plaintiff is entitled to recover the salary for one full school year and for approximately 45 days of another 180-day school year, or approximately the sum of $2,625. He is entitled to recover either his salary for the aforesaid period of time or nothing, depending upon whether the *24 defense urged is rejected or sustained. The amount in controversy is, therefore, in excess of the present maximum jurisdiction of this court, Louisiana Constitution, Art. 7, Sec. 29, LSA, and is within the jurisdiction of the Supreme Court, as provided in Sec. 10 of the aforesaid article of the Constitution.
We must take notice of our lack, or want, of jurisdiction ex proprio motu. Therefore, we are required, by LSA-R.S. 13:4441, to transfer this appeal to the Supreme Court.
Accordingly, it is ordered that this appeal be transferred to the Honorable, the Supreme Court of Louisiana, the transfer to be made within 30 days after this decree becomes final; otherwise the appeal is to stand dismissed. The appellant is assessed with the cost of the appeal to this court; all other costs are to await final disposition of the case.
Appeal transferred to the Supreme Court.