279 So.2d 195 (1973)
UNITED GAS PIPE LINE COMPANY, Plaintiff-Appellee,
v.
LOUISIANA PUBLIC SERVICE COMMISSION et al., Defendants-Appellants.
Nos. 52608, 52609.
Supreme Court of Louisiana.
June 11, 1973.
Marshall B. Brinkley, Baton Rouge, Arnold D. Berkeley, Washington, D. C., for defendants-appellants.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Harry B. Kelleher, New Orleans, Baker & Botts, Houston, Tex., for plaintiff-appellee.
CALOGERO, Justice.
This is an appeal by the Louisiana Public Service Commission from a ruling of the Nineteenth Judicial District Court for the Parish of East Baton Rouge decreeing that United Gas Company is under no legal obligation to pay the fee of a Washington, *196 D. C. attorney, Arnold D. Berkeley, hired by appellant in a matter before them, entitled Louisiana Public Service Commission versus United Gas Pipe Line Company, their Docket No. 11,009. Procedurally the matter arose as follows:
In 1971, the Commission instituted a proceeding or investigation having to do with establishing their jurisdiction over certain activities of the United Gas Pipe Line Company. Incident to that matter the Commission, on September 28, 1971, issued its Special Order 7-71 stating among other things that:
"F. United shall pay any and all expenses incurred by this Commission in conducting the proceeding instituted by this Order, including the expenses and fees of engineers, consultants, accountants, special counsel, and clerical assistants specially employed therefor. The Commission will certify to United, on a monthly basis, the expenses thus incurred.
G. Any party objecting to any provision of this Order shall file written objections thereto on or before October 7, 1971."
While United did not respond to the order's direction to file written objections on or before October 7, 1971 to the Commission's stated intention to bill United for the fees of Special Counsel, United did none-theless, upon receipt of bills of Mr. Berkeley, certified by the Commission, within fifteen (15) days of receipt of such bills, file a Rule to Show Cause why there should not be a judgment decreeing that United should have no legal obligation to pay and discharge said fees. There were two separate certified bills, one in the sum of $2,827.41 and the other, $1,710.00. Two separate rules to show cause incident thereto, were consolidated for trial in the District Court and are brought here for our consideration under the above docket numbers.
The Commission, in the District Court, filed a "peremptory exception" seeking to dismiss United's rule on the basis that their Special Order 7-71 barring complaint to certified billings after October 7, 1971 because of United's failure to file written objections prior to that date, had the effect of law under the provision of Article VI, Sections 4 through 6 of the Louisiana Constitution which gives the Commission the right and power to set its own methods of procedure. The Commission further complains that United's not lodging objection in accordance with the order but complaining by rule to show cause within fifteen (15) days of receipt of the certified billings, had the effect of prejudicing the ability of the Commission to prosecute the matter inasmuch as the Commission had interpreted and relied upon United's failure in this regard, as an acquiescence, and the Commission had therefore not sought additional funds to employ Special Counsel.
The trial court found no merit in the exception, nor do we.
The Constitutional Article relied on affords the Commission general power and right to set its own methods of procedure but does not at all concern itself with expenses chargeable to regulated utilities.
The statutory law on the other hand, is very clear. R.S. 45:1181 provides that if the person to whom the expense is certified deems the amount unreasonable or contrary to the provision of R.S. 45:1180 through 45:1181, he may within fifteen (15) days after receipt of the certified bill, take a rule against the Commission to test the reasonableness and legality of the expenses certified by the Commission. This is precisely what United has done in this case.
Accordingly, the Commission's right to have United Gas pay fees of the Commission's utilities experienced Special Counsel is properly before us.
At the outset in considering this issue it is well to quote pertinent language from the two billings:
"For Professional Services Rendered *197 November 13 through 30, 1971 Re: Preparation of Order Affirming Jurisdiction and to Show Cause and related legal research;
Acting as Special Counsel at Informal Conference; Conferences with Commission
. . . . . .
 $2,827.41"
"For Professional Services Rendered
December 1 through December 31, 1971
Docket No. 11009 and 11010: Examination and investigation of data concerning rates and services of United Gas Pipe Line Company
Attendance at Informal Hearing of November 29, 1971, regarding such data.
Conferences with Mr. James Lim of Hess and Lim, Consultant to the Commission regarding such data.
Preparation of Order Denying Relief from Operating Restrictions.
. . . . . .
 $1,710.00"
As is the prevailing practice by regulatory agencies in this country, Louisiana Public Service Commission has the legal right and authority to charge to the regulated utility company, the expenses incurred by the Commission in conducting an examination of the affairs of the utility, for the purpose of fixing and regulating the rates charged or to be charged or services to be rendered by such public utility business. The right to recover those expenses, however, is statutory. R.S. 45:1180[1] provides essentially that whenever the Commission makes such an examination "all expenses incurred by the Commission in conducting such examination including expenses and fees of engineers, consultants, accountants, or clerical assistants, specially employed to make the examination shall ... be paid by the person so examined." Section 1181[2] says that only such engineers, consultants, accountants or clerical assistants as are actually necessary to conduct the examination shall be employed and their compensation shall be fixed according to the time actually devoted to the work of conducting the examination and making their reports thereon whether as witness *198 before the Commission in open hearing, or by written report, under oath, as required by law.
The Commission relies in their effort to recover these legal expenses upon language of Sec. 1180 that all expenses incurred by the Commission shall be paid. They further assert that though "expenses of counsel" do not follow the word "including" in Section 1180, that the words that do follow it are illustrative only. United on the other hand, accents the language of Section 1180 that all expenses incurred by the Commission in conducting the examination are payable; and that Section 1181 illustrates the type of work contemplated when it refers to the consultants, et al., making their reports as witnesses before the Commission in often hearing or by written report under oath, etc.
Furthermore, United points out that nowhere in 1180 or 1181 is provision made for paying fees of attorneys, while there is specific provision in sub-section C, Section 1177[3] of Title 45 for the Commission's selecting and paying an attorney out of license fees collected from the regulated utilities in accordance with the provisions of Section 1177.
While we feel that the including language, "engineers, consultants, accountants or clerical assistants," may well be illustrative only and not designedly all inclusive, we feel, nonetheless, that the overall import of the statute is to exclude (or at least not to include) fees of a lawyer for services traditionally performed by lawyers even though his services are performed by, for, and/or before an administrative agency, such as counseling the Commission, preparation of legal or administrative documents like the show cause order referred to in one of the certified billings, etc. If the services involved were to relate to examination of affairs of the regulated utility or reports or testimony concerning such utility, or work primarily of a consultative nature, we would perhaps think differently even though the expert might also be a qualified attorney. In this case, however, at least by reference to the certified billings it appears that the services were those normally performed by a lawyer, services which had they not been performed by Mr. Berkeley would likely have been performed by the Commission's regular counsel.
The Commission properly points out that United, on payment of these bills, is not really out these sums since the Commission passes the expense on to the consumer as part of their rate base (which affects the rates and charges to the consumer) and they also protest that unless permitted to pass this expense on to the utility, the Commission will be unable to hire adequate and experienced counsel and they will therefore be at a disadvantage in dealing with the regulated utility. They complain that the public's interest requires that this not be so.
There is a great deal of merit in both of these contentions. However, this matter properly addresses itself to legislature, which clearly has the right to amend R.S. 45:1180 and provide for the Commission's charging the regulated utilities the Commission's expense in employing special counsel.
This court does not have the Legislature's prerogatives.
Finding, therefore, that there is no statutory basis for the Public Service Commission's charging United Gas these expenses of special counsel we therefore affirm the *199 trial judge's dismissal of the Commission's rule to show cause.
Judgment Affirmed.
SUMMERS, J., concurs and assigns reasons.
DIXON, J., dissents.
MARCUS, J., dissents for reasons assigned.
TATE, J., dissents for the reasons assigned by MARCUS, J.
SUMMERS, Justice (concurring).
I agree with the result reached by the majority and the reasons assigned therefor, except:
I find it unnecessary for the majority to express an opinion concerning the merits or demerits of the Commission contention that United may pass on to the consumer as part of their rate base the fees of special counsel employed as in this case. Nor is it proper, in my view, to express an opinion on the merits of the Commission contention that it will be unable to hire adequate and experienced counsel as a result of which the Commission will be at a disadvantage in dealing with the regulated utility.
Nor do I agree that the public interest supports the Commission's contention in this regard. To the contrary, in my view the State is responsible for counsel employed by its administrative agencies. The fees of the State's counsel should not be assessed against litigants opposing the legality of administrative regulations. To impose the burden of these fees on the litigant in addition to the fees of his own attorney is to add another deterrent to the other factors associated with litigation which usually deter a party in his efforts to obtain an impartial adjudication of his grievances. It is, moreover, a practice which is repugnant to the accepted concepts of assessing attorneys fees recognized in this State for many years. Louisiana does not allow recovery of attorneys' fees in the absence of a contract or statute specifically authorizing such. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959); Breaux v. Simon, 235 La. 453, 104 So.2d 168 (1958); McNeill v. Elchinger, 231 La. 1090, 93 So.2d 669 (1957); Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43 (1956); Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437 (1955); Brantley v. Tugwell, 223 La. 763, 66 So.2d 800 (1953); Efner v. Kitteringham, 217 La. 719, 47 So.2d 331 (1950); Rhodes v. Collier, 215 La. 754, 41 So.2d 669 (1949). It is a departure from fundamental principles of fair play and the tenets of our adversary system to compel a litigant to pay the fees of the lawyer representing his opponent.
In my opinion the Legislature has properly provided in Section 1177, sub-section C of Title 45 of the Revised Statutes for the appointment of an attorney by the Commission, and in doing so the Legislature has designated the source from which the attorney's salary and expenses shall be paid. If additional attorneys are required and the present source of funds is inadequate, the decision rests with the Legislature whether they should be provided. In any event, litigants before the Commission should not be compelled to pay the fees of Commission attorneys.
I respectfully concur.
MARCUS, Justice (dissenting).
I disagree with the majority opinion. It is my opinion that the Lousisana Public Service Commission (LPSC) is empowered to charge a regulated utility all expenses *200 incurred in an investigation of its rates and services under the specific language of R.S. 45:1180. The enumeration after the term "including" of specific classes of professional services is illustrative rather than exclusionary. There is no reason to interpret this statute to exclude attorney fees. Such an interpretation would mean all expenses incurred in the investigation would be chargeable to the regulated utility except attorney fees. In my opinion, there is no basis for such an interpretation. While attorney fees in Louisiana are not ordinarily recoverable except when allowed by contract or statute, I feel that this statute is such an authorization.
I respectfully dissent.
NOTES
[1] § 1180. Expenses of investigation by commission to be paid by utility

Whenever the commission makes an examination of the affairs of any person doing a public service or public utilities business in Louisiana for the purpose of fixing and regulating the rates charged or to be charged or services to be rendered by such public service or public utility business all expenses incurred by the commission in conducting such examination, including the expenses and fees of engineers, consultants, accountants or clerical assistants specially employed to make the examination, shall, at the discretion of the commission, be paid by the person so examined. As amended Acts 1954, No. 376, § 1.
[2] § 1181. Expenses of investigation; items, amount; certification; payment; contest

The commission shall employ only such engineers, consultants, accountants or clerical assistants as are actually necessary to conduct the examination, whose compensation shall be fixed according to the time actually devoted to the work of conducting the examination and making their reports thereon, whether as witnesses before the commission in open hearing, or by written report, under oath, as required by law. The compensation shall always be reasonable and commensurate with the value of the services performed.
Upon completion of the examination, or while the same is in process, the commission shall certify to the person being examined, the amount of expenses incurred as provided in R.S. 45:1180 through 45:1183, whereupon such person shall pay the amount so certified to the one thus employed. If the person being examined deems the amount of the expenses so certified to be unreasonable or contrary to the provisions of R.S. 45:1180 through 45:1183, it may, within fifteen days after the receipt of the certificate, take a rule against the commission, to test the reasonableness and legality of the amount of expenses certified to by the commission. This rule shall be tried by preference, and upon appeal shall be given preference in the appellate court, as provided by law for other state cases.
[3] § 1177. Inspection and supervision fee; amount; payment; appointment and payment of attorney

... C. The members of the Commission shall select an attorney for the Commission, and said attorney shall receive a salary and expenses to be fixed by the Commission and shall be payable out of the fees collected in accordance with the provisions of this Section. Amended by Acts 1962, No. 171 §§ 1 to 3; Acts 1970, No. 417 § 1; Acts 1972, No. 469 § 1.