AYRES, Judge.
This is an action by a garnishee for damages in the nature of attorney’s fees for the alleged wrongful proceeding against it by a creditor of an employee of the garnishee.
In a judgment dated March 28, 1973, awarding damages in the sum of $100.00 as attorney’s fees, plus legal interest thereon from March 13, 1973, and costs, plaintiff-judgment-creditor, Sales Financing Management, Inc., appealed. •
For an understanding of the matter now before us and of the issue presented for determination, a brief review of the facts would appear to be helpful. The creditor, Sales Financing Management, Inc., under date of December 20, 1972, obtained a judgment against John A. Richmond, Willie Richmond, and Dorothy Richmond, in solido, for the sum of $683.59 with interest and attorney’s fees. Thereafter, a writ of fieri facias was applied for and granted. The City of Shreveport and the Crescent Construction Company were made garnishees. The usual interrogatories were propounded to each.
*389 The City of Shreveport answered with respect to John A. Richmond who was in its employ. Crescent Construction Company answered that Willie Richmond was in its employ at a wage of $2.35 per hour. Thereafter, on January 5, 1973, the creditor’s counsel notified Crescent, by letter, copies of which were furnished the clerk of court and this garnishee’s counsel, that the garnishment against it had been dismissed. Under date of January 9, 1973, a judgment was entered against the City of Shreveport directing payment to the creditor from the wages of John A. Richmond, the maximum payable until the debt was paid in full. Notwithstanding that the garnishment proceeding against Crescent had been dismissed, as heretofore noted, a judgment was entered under date of March 7, 1973, against Crescent directing that payments be made from the wages of Willie Richmond, also, to satisfy the creditor’s judgment.
Upon service of notice of judgment, this garnishee, Crescent, appeared through counsel, sought a new trial, and eventually an annulment of the judgment with an award of damages in the nature of attorney’s fees. No specific sum was claimed, only reasonable fees. Immediately thereafter, the creditor appeared through counsel and explained that the judgment of which this garnishee complained was entered through error and moved that it be set aside.
From the facts detailed above, it appears that the judgment entered against Crescent was indeed entered through error. No effort was made to enforce it; no seizure was made; and the creditor, on notice, promptly sought to set the judgment aside.
One of the matters of which we are required to take notice, even on our own motion ¿nd without the question having been otherwise raised, pertains to our jurisdiction. At the time the matters herein concerned were submitted to the court for decision, there remained only the question of attorney’s fees as damages. With respect to the amount, counsel for the garnishee suggested the sum of $100.00, to which suggestion the court replied that was about what it had in mind. Accordingly, the garnishee was awarded judgment in the amount of $100.00.
Courts of Appeal have jurisdiction in matters of this character only where the amount involved exceeds the sum of $100.-00 exclusive of interest. . LSA-Constitution of 1921, Art. VII, § 29. Interest and court costs are not a part of the amount in dispute. LSA-C.C.P. Art. 4. Thus, interest, although accrued at the date of trial, cannot be counted in estimating the “amount in dispute” for purposes of appeal. Boagni v. Gordon, 34 La.Ann. 1052 (1882). As was pointed out in Twin City Printing Company v. Fred Astaire Dance Studio, 149 So.2d 130 (La.App., 2d Cir., 1963):
“The amount in contest is not sufficient to confer appellate jurisdiction upon this court, and we must take notice of our lack of jurisdiction ex proprio motu although no question of jurisdiction has been raised by appellee.” LSA-Constitution of 1921, Art. VII, § 29; Barber v. Hardwick, 107 So.2d 725 (La.App., 2d Cir., 1958); Cappel Lumber Company, Inc. v. Benedict, 108 So.2d 270 (La.App., 2d Cir., 1958); Arrington v. Grant Parish School Board, 121 So.2d 23 (La.App., 2d Cir., 1960).
See, also: Glassell-Hicks Co., Inc. v. Smith, 186 So. 859 (La.App., 2d Cir., 1939).
Inasmuch as this court has no jurisdiction, the appeal is dismissed.
Appeal dismissed.