WATSON, Judge.
MOTION TO DISMISS
This suit was instituted in the Lake Charles City Court by plaintiff, Roger Smith, against Sears, Roebuck and Company to recover damages resulting from the death of a puppy owned by plaintiff and his family. Following a trial, judgment was rendered and signed on February 26, 1979, granting judgment to plaintiff for $920.00 plus interest. From this adverse judgment defendant perfected an appeal to this court. Thereafter, plaintiff filed a motion to dismiss the appeal for lack of jurisdiction.
Plaintiff-appellee, Roger Smith, moved to dismiss the appeal of the defendant-appellant, Sears, Roebuck and Company, on the grounds that this court lacks jurisdiction, in that the amount in controversy is less than $1,000.00, LSA-C.C.P. Article 4833.
Article 5, Section 10 of the Constitution of 1974, provides:
“(A) Jurisdiction. Except in cases ap-pealable to the Supreme Court and except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of all (1) civil matters decided within its circuit and (2) matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles. It has supervisory jurisdiction over cases in which an appeal would lie to it.” (Emphasis added).
(B) Scope of Review. * * * ”
Section 16 of Article 5 of the Constitution provides:
*631 “(A) Original Jurisdiction. * * *
(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.”
C.C.P. Article 4833 states:
“(A). * * *
(B). The appeal from a city court when the amount in contest is one thousand dollars or less exclusive of interest, shall be returnable to the district court of the district in which the city is located.
The appeal from a city court when the amount in contest exceeds one thousand dollars, exclusive of interest, shall be returnable to the court of appeal of the circuit in which the city is located. Amended by Acts of 1976, No. 84, § 1.”
Article 4 of the Code of Civil Procedure provides, in pertinent part:
“When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff.”
In this case, plaintiff, by amending petition, requested damages in excess of $1,000.00. However, judgment was rendered awarding plaintiff $920.00 plus interest. Plaintiff did not appeal nor answer defendant’s appeal seeking an increase in the quantum. Defendant, in his appeal, contends that the trial judge erred in awarding judgment for $920.00 to plaintiff. On appeal, the amount in contest is $920.00. Since the amount in contest, which does not include interest or court costs, is less than $1,000.00, this court is without jurisdiction. Barber v. Hardwick, 107 So.2d 725 (La.App. 2nd Cir. 1958). The appeal should have been taken to the 14th Judicial District Court.
Pursuant to provisions of Article 2162 of the Code of Civil Procedure and R.S. 13:4441, this appeal is hereby transferred to the 14th Judicial District Court in the Parish of Calcasieu for further proceedings according to law.

APPEAL TRANSFERRED.