Plaintiff is a real estate broker and sued the defendant to recover the sum of $300 as commission on a verbal contract whereby defendant employed plaintiff to sell a place owned by defendant in the City of Lake Charles. He also asks for an additional sum of $100 for attorneys fees. The trial judge rendered a judgment for plaintiff in the sum of $300, and defendant has appealed. The claim for attorneys fees was rejected, and as there is no answer to the appeal asking for an amendment of the judgment in this respect, the question of attorneys fees is not before us.
[1] Plaintiff alleges, and the proof shows, that in March, 1946, he and the defendant entered into a verbal agreement whereby plaintiff was employed to sell defendant's home for a sum which was to net the defendant $6,200. Plaintiff advertised the property in a local paper for sale at the price of $6,500, and secured a purchaser for that price who was ready and willing to make the purchase. The defendant was notified, but refused to go through with the sale, stating that he had changed his mind and had sold the property to some one else. While the defendant denies that he authorized the plaintiff to sell his home for $6,200 net to him, the evidence is so conclusive that he did make such an agreement that it is unnecessary to discuss this question further. In fact, it is not seriously urged in this court that such an agreement was not made.
On the appeal, the defendant urges three defenses: first, that there was no consideration for the alleged contract; second, that parole evidence was not admissible to prove the alleged agreement as it related to the sale of real estate; and, third, if such an agreement did exist, it was not an exclusive agency; that defendant sold the property to another party, and plaintiff had nothing to do with the sale. The record shows that about a month and a half after plaintiff had secured a purchaser for the property and defendant had refused to make a title, the latter sold the property to another party for $6,500.
[2] The defense of lack of consideration is clearly without merit. The consideration flowing to the defendant in the contract was the obtention of the services of plaintiff as a real estate broker in procuring a purchaser for his property. The agreement was mutual in that plaintiff enlisted his efforts to secure a purchaser for defendant's property at a price fixed by the defendant, and plaintiff was to receive as a consideration for his efforts the amount over and above the price which defendant had fixed for the property. Article 1896
of the Civil Code provides that the cause of a contract is the consideration or motive for making it. In this case the consideration or cause for making the contract was the mutual benefit which was to accrue to both parties; to the plaintiff in that he was to get an amount for his services measured by the price for which he obtained a purchaser for the property over and above $6,200, and the defendant in that he was to get a purchaser for the property for the price which he was asking for his property.
[3, 4] Defendant objected to the introduction of parole evidence to prove the *Page 301 
contract, which objection was overruled by the trial judge. The ruling was correct. In the absence of a statute specifically requiring a contract of employment between a broker and his principal to be in writing, such a contract may be either verbal or written, irrespective of the nature of the property relative to which the contract is made. 8 Am.Jur. p. 1001, Section 22; 12 C.J.S., Brokers, § 13, page 35.
There is no law in this State requiring a contract of employment between an owner and a real estate broker to be in writing. Article 2275 of the Civil Code requires that the transfer of immovable property must be in writing, and Article 2992 provides that a mandate may be given by writing or verbally, but the proof of the authority conferred by the mandate must be in accordance with the rules laid down with reference to conventional obligations. There is no claim that plaintiff was given the right in the verbal contract to transfer or convey title to defendant's property under a power of attorney. Plaintiff was only employed to secure a purchaser for the property; not to make a title to it on behalf of the owner.
[5] And, finally, it is contended that the plaintiff did not have the exclusive agency to sell defendant's property; that defendant sold the property to a third person, and plaintiff was not the procuring cause of the sale. The case of Kaufman Agency v. Viccellio et al., La. App., 174 So. 709, is cited as authority for this contention. In the cited case there was no exclusive contract in favor of the broker, and we held that the defendants were not liable to the broker for a commission where the broker procured a purchaser, but where defendants had contracted to sell the property to another party before receiving notice from plaintiff that he had procured a purchaser, and in which sale plaintiff was not a procuring cause. In other words, we held that unless a broker has an exclusive contract, the owner can sell the property himself to some third person without being liable to the broker for a commission, if the broker had nothing to do with procuring the sale, and where the sale is made by the owner before he is advised of a sale made through the efforts of the broker. Under such a nonexclusive agency, if the owner procures a purchaser through his own efforts and does not take advantage of any contacts or negotiations made by the broker before the broker procures a purchaser, the owner is not liable for a commission.
[6, 7] The situation is different in this case. At the time plaintiff notified defendant that he had procured a purchaser who was ready to pay the price fixed by the defendant, the latter had not sold the property and was in a position to execute a title. He violated his contract, the effect of which was that if plaintiff procured a purchaser before he did through his own efforts that he (defendant) would owe plaintiff the difference between $6,200 and the price which plaintiff's prospect would have paid; viz. $6,500. Plaintiff has therefore suffered a loss of $300 by reason of the failure of defendant to comply with his contract.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby affirmed at the cost of defendant in both courts. *Page 423