This is an action by plaintiff, a real estate broker, who seeks to recover a commission of $812.50 on the sale of certain real estate for the account of defendant. The principal allegations on the part of plaintiff aver that she was employed in or about the early part of April, 1947, for the purpose of selling or finding a suitable buyer for certain described residence property, owned by defendant, located in the City of Shreveport; that the sale price was fixed in the sum of $22,500.00; that plaintiff listed the property, showed same to a number of interested parties, made an appointment with Mrs. H. T. Horka and Mrs. Ophelia T. Lowe, and informed defendant that said parties were interested in buying the property, at which time defendant stated that he was taking the property off the market; that, subsequently, the defendant dealt direct with Mrs. Lowe and made a sale of the property to her for a consideration of $22,500.00, formal conveyance thereof being filed for record on May 26, 1947.
The burden of the defense, as set forth in defendant's answer, rests upon a general denial, coupled with the affirmative allegation that he dealt directly and exclusively with the purchaser, Mrs. Ophelia T. Lowe.
On trial of the case plaintiff attempted to establish a general and unrestricted employment, which defendant opposed with the contention that his contract with plaintiff was restricted to her right to show the property to one prospective purchaser, who proved to be unwilling to purchase the property. Defendant further contended that after plaintiff's failure to interest the one purchaser with whom she was authorized to deal, he advised her that he was taking the property off the market, and that it was only subsequent to this action on his part that he entered into direct negotiations with the eventual purchaser.
After trial there was judgment for defendant rejecting plaintiff's demands, from which judgment plaintiff brings this appeal.
The determination of this matter rests solely upon the resolution of questions of fact as between the opposing contentions of plaintiff and defendant. The testimony of the witnesses for the respective parties, and particularly that of the principals themselves, is extremely contradictory and unsatisfactory, but careful study of the record convinces us that plaintiff has failed to make out her case by the requisite preponderance of evidence.
There is no question as to the initial employment of plaintiff, but, in our opinion, *Page 346 
she has failed to establish the continuance of this employment on a general and unrestricted basis to any degree which would entitle her to claim a commission on the basis of the sale finally negotiated. Plaintiff's claims, as elaborated in her testimony, are refuted not only by the testimony of defendant, but by the testimony of Mrs. Horka and Mrs. Lowe, both of whom testified plaintiff had not shown them the property nor had she even informed them as to the name of the owner. Mrs. Lowe further testified that plaintiff told her the property had been taken off the market.
Under the facts of this case we are of the opinion that the principle enunciated in United States Realty Sales of Shreveport v. Rhodes, La. App., 34 So.2d 523, is applicable, as follows:
"Where owner of store did not solicit broker's aid in selling store and refused to sign a contract listing the store with broker or to authorize broker to represent him in any negotiations for sale of store, but when broker brought prospective purchasers to the store and introduced them to owner, owner nevertheless opened negotiations with purchasers and later completed sale of store to purchasers without broker's knowledge, broker was not entitled to a commission on the sale."
If anything, the facts in the cited case were more strongly in favor of the broker than are the established facts in the instant matter.
The obligations of the broker in establishing his right to a commission are definitely set forth in Rosenthal v. Cangelosi, La. App., 164 So. 502, 503:
"* * * he must show that he had an express contract with the owner, or one that can definitely be implied from the relations existing between them, and that he rendered the service under such contract."
In this case plaintiff has failed to show any definitely established agreement of any kind further than the original agreement under which she was authorized to exhibit the property to one prospect.
The case of White v. Havard, La. App., 25 So.2d 108, cited in behalf of plaintiff, is not analogous to the matter at hand. In the White case the facts as developed on trial definitely established an attempt on the part of the owner to defeat the broker's right to commission by engaging in direct negotiations with prospects who had been interested by the broker and by him introduced to the owner. It was some time after the initiation of negotiations that the owner attempted to take the property out of the broker's hands.
None of these elements are established in the case before us. The burden of proof was upon plaintiff, and, in view of her failure to assume and discharge such burden, necessarily her action must fail.
We find no error in the judgment complained of, and, for the reasons assigned, the same is affirmed at appellant's cost.
TALIAFERRO, J., recused.