49 So.2d 453 (1950)
LEHMANN
v.
HOWARD.
No. 7510.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1950.
Warren Hunt, John C. Morris, Jr., Rayville, for appellant.
Thompson, Thompson & Sparks, Monroe, for appellee.
HARDY, Judge.
This is a suit in which plaintiff claims a commission alleged to have been earned as the result of his employment as a broker by the defendant. After trial there was judgment in favor of defendant rejecting plaintiff's demands, from which plaintiff brings this appeal.
Plaintiff is a merchandising broker dealing in groceries and staples. At the time of the occurrence of the incidents here concerned defendant was a wholesale grocer and in connection with his business in the Town of Winnsboro, Franklin Parish, Louisiana, he owned a warehouse building, a substantial stock of groceries and three trucks.
Plaintiff alleged that in or about the month of December, 1948, he was contacted by the defendant with the request that he exert his best efforts to find a buyer for defendant's building and groceries; that under the terms of a verbal agreement defendant agreed to pay a commission of 3% of the gross sale price if plaintiff succeeded in producing a buyer upon certain specified terms of consideration and payment; that pursuant to this agreement plaintiff did succeed in interesting one J H. Colvin, President of the Winnsbord Grocery Company, Inc.; that he brought the defendant and Colvin together and that after the taking of an inventory a sale was consummated between defendant and Colvin. However, plaintiff further alleged that on the morning of Sunday, February 6, 1949, defendant telephoned him and stated that the negotiations with Colvin had fallen through and that he was taking the matter entirely out of plaintiff's hands, *454 notwithstanding which plaintiff contends that on the afternoon of the same day the defendant, having discharged plaintiff, closed the sale with Colvin.
Defendant resists plaintiff's demands generally on the ground that plaintiff was not instrumental in producing the eventual purchaser; that his efforts contributed nothing to the consummation of the negotiations; and that the final sale was made on terms entirely different and far less advantageous to defendant than those which had been tendered to plaintiff. Defendant further urges that he had been in contact and had negotiated with Colvin long prior to December, 1948.
As we view it, the judgment in this case must depend upon a conclusion as to whether plaintiff has established the fact that he was the procuring or moving cause of the sale which was finally consummated between defendant and Colvin. In the event of an affirmative finding clearly plaintiff is entitled to his commission. But if it be found that plaintiff was not the procuring cause then it is equally clear that he has no just claim to a commission from the defendant. The well known and frequently cited case of Bullis & Thomas v. Calvert et al., 162 La. 378, 110 So. 621, is sound authority for both propositions.
As noted by learned counsel for plaintiff, our courts have variously described "procuring cause" as referring to the efforts of a broker in "introducing", "producing", "finding", or "interesting" a purchaser. In the final analysis what the courts mean is that the negotiations which eventually lead to a sale must be the result of some active effort of the broker if he is to be regarded as the procuring cause, by any standard of definition.
Careful examination of the facts reflected by the record before us does not disclose any ground for the conclusion that plaintiff was the procuring cause. Indeed, we do not regard the facts as justifying a finding that he was a substantially contributing cause. Defendant had been in contact with, and, at intervals, had negotiated, somewhat casually it is true, with Colvin over a long period of time. Concededly plaintiff had approached Colvin and had transmitted the terms upon which defendant had indicated he would deal, but these terms were unacceptable to Colvin.
The only circumstance, and one which is strongly urged on behalf of plaintiff, which could be regarded as implying a recognition of plaintiff as being a procuring cause is concerned with the time element involved. It is established that on the morning of February 6, 1949, defendant, by telephone, notified plaintiff that the proposed deal had fallen through but that, on the afternoon of the same day, defendant and Colvin reached an agreement. It was in this conversation that defendant discharged plaintiff and terminated the agreement by which he had some months previously authorized plaintiff to effect a sale of his properties. It is quite probable that this action in some instances might be considered as a suspicious circumstance and in itself as evidence of bad faith on the part of defendant as has been here charged by plaintiff. But defendant's evidence preponderates against such a conclusion, for his narrative of the incident is substantiated in every material particular by Colvin who was with defendant at the time and who also talked to plaintiff by telephone.
There is no evidence of any collusion between defendant and Colvin, nor is there any reasonable basis for entertaining doubt as to the good faith of their conduct. The surrounding circumstances and the explanations given are convincing as to the truth of the fact that both of these parties regarded their negotiations as being at an end. They were convinced that they could not reach an agreement. This being true defendant was clearly within his right in withdrawing his commission from plaintiff's hands. The fact that some hours later an agreement was reached is of no material import.
It should be observed that this case differs from the usual type of litigation involving commissions of real estate brokers. Here we have no exclusive listing feature, no time element and no provision with respect to the broker's right in the *455 event of a sale by his principal or some other party.
In addition to absolving defendant of the charge of bad faith we are impressed with the fact that in this matter the shoe is on the other foot. Defendant has charged plaintiff with inequitable conduct to the extent that he allowed his selfish interest to prevail over the interest of his principal. While we think it clear that this charge is amply supported by the evidence, we do not think it necessary to engage in more than this passing comment. As above observed we are convinced that the issue of procuring cause is determinative.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.