GLADNEY, Judge.
In this suit plaintiff, Lillian Hodge Moore, claims a real estate commission from defendant, Clarence J. Walther, Sr., as the result of the sale of a lot with improvements thereon in the City of Shreveport, Louisiana. The lower court gave judgment for plaintiff and defendant has appealed therefrom.
As the result of an understanding between plaintiff and the wife of defendant about March 3, 1952, plaintiff undertook to sell the residence of defendant for $13,000, for which sale she would receive the customary commission of five per cent on the first $10,-000 and two and one-half per cent on any amount in excess of $10,000. On the following day, March 4th, plaintiff produced a buyer, James R. Pickett, who signed á contract to purchase defendant’s property for $13,000 but under the terms thereof his offer to buy was conditioned upon securing a valuation or “RV” so termed of $13,000, the “RV” being a condition precedent to a “GI” loan on the property. The defendant endorsed his approval of the written offer and agreed to the commission of plaintiff specified therein. It turned out, however, the “RV” or reasonable value of the property was fixed at $12,150 through evaluation by the Veterans’ Administration, and, therefore, the contract as executed was of no effect and was canceled, as such a loan could not be granted in excess of the “RV” under government regulations.
Mr. Pickett, notwithstanding this setback, did not break off negotiations but seemed determined to purchase the property. He then commenced to negotiate directly.with defendant to purchase the property for.$12,-150 and his offer-was. .accepted by, defend *404 ant. When Pickett and Walther had arrived at a verbal understanding for a sale at this price, defendant’s wife and Pickett tried to persuade plaintiff to reduce her commission to $150. Plaintiff declined to do this and brought this suit after her demand for a commission was rejected and the property transferred to Pickett.
 Defendant’s position is plaintiff is not entitled to a commission, it being argued : that plaintiff was never employed by him; that she was not the procuring cause of the sale; and that she rescinded the agreement and abandoned the negotiations prior to the consummation of the transaction between defendant and Pickett.
We do not find merit in the first ground urged. Defendant, in writing, recognized plaintiff in the first contract. Thereafter he was aware of his wife’s dealings on his behalf. From the moment plaintiff introduced Pickett as a prospective purchaser there was no break in the negotiations for the sale of the property to Pickett. Presentation of Pickett to defendant and his wife was brought about solely by plaintiff.
Plaintiff also was the procuring cause of the sale. There was the same purchaser and the same property. All that happened was defendant lowered his price to meet the purchaser’s offer.
Counsel for appellant earnestly suggests plaintiff rescinded the agreement and abandoned negotiations between Pickett and defendant and his wife. But the evidence is convincing that Mrs. Moore did not at any time abandon her efforts to sell the property t.o Pickett. Not refuted is her testimony that she proposed securing a different type of loan which would permit a higher appraisal and that she desired to secure for defendant a larger sum than $12,150. However, this was a duty owed-her principal and was consistent with her employment. The circumstances are not indicative that she abandoned Pickett to the end that Pickett and defendant could separately negotiate and thus deprive her of a commission. Before the act of sale was passed, plaintiff, on April 18,1952, made written demand for her commission through a letter addressed by her attorney to the defendant. This letter is further evidence that plaintiff had not washed her hands of the transaction.
This case, we think, falls within the doctrine announced in Sollie v. Peoples Bank & Trust Company, La.App., 1940, 194 So.116, and the authorities therein cited, referred to in the case of Dew v. Hunter, La. App.1953, 66 So.2d 400, this day decided and supports our holding herein.
We are of the opinion plaintiff is entitled to remuneration for her services and that the judgment from which appealed should be, and is hereby affirmed at appellant’s cost.