86 So.2d 732 (1956)
WOMACK AGENCIES, Inc., Plaintiff-Appellee,
v.
Harry FISHER, Jr., Defendant-Appellant.
No. 4174.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
Rehearing Denied April 27, 1956.
*733 Henry A. Mentz, Jr., Hammond, for appellant.
Iddo Pittman, Jr., Hammond, for appellee.
TATE, Judge.
This is an action by a real estate brokerage firm for its commission for the sale of certain property by defendant. Defendant appeals from judgment awarding plaintiff $1,000 (or 5% of the gross selling price), and plaintiff answers the appeal seeking an additional award of $350 for attorneys fees.
A contract with plaintiff as exclusive agent to sell defendant's residence on Easy Street in Hammond, La., was terminated by written notice effective September 22, 1953. By virtue of another clause in said contract, defendant Fisher is also specifically liable to plaintiff broker if "an agreement of sale" was "arrived at" by Fisher on or before October 22, 1953, to sell to a party interested in the property by plaintiff agency.
The originally listed minimum selling price was $21,000 net to Fisher. The real estate agency's commission was to be "5% on the gross sale price whether said price be the amount above stipulated or some other price I [Fisher] may agree to accept". During the five months the property was listed with plaintiff, defendant Fisher reduced the minimum price to $20,000 net to him.
Although the contract was terminated effective September 22nd, Fisher thereafter requested plaintiff agency to continue negotiating with Guy Billups, Jr., who had been previously interested in the property while listed with plaintiff agency. At a final conference between Thomas Womack, president of plaintiff agency, defendant Fisher, and Billups on October 8, 1953, Fisher rejected an offer of $20,350 (from which the real estate agent's commission, although reduced, was to be paid). Fisher said he was unwilling to surrender occupancy by October 15, 1953. On October 24, 1953 (or 2 days after expiration of express liability under the contract), Billups and defendant Fisher executed in writing an agreement to sell the latter's residence for the sum of $20,000. The sale pursuant thereto was executed on December 19, 1953, although Billups moved into the premises on October 26th or 27th.
The foregoing facts are undisputed. Defendant Fisher and Billups deny any discussions or negotiations between the final conference of October 8th in plaintiff's office, and their meeting in lawyer's office on *734 October 24th (arranged by a co-employee of Billups by telephone conversation of October 23rd), when allegedly they reached the final agreement which resulted in the sale.
The legal propositions upon which Fisher relies in resisting liability are: "It is well settled that a real estate agent does not ordinarily earn his commission unless he procures a purchaser within the time fixed in his contract", Wolf v. Casamento, La.App., 185 So. 537, at page 539. "The mere fact that the sale was made to a prospect obtained by Mathews [the plaintiff-broker] is not sufficient to entitle him a commission on a sale effected by defendant [the seller] after the expiration of the time limit in his contract the absence of any showing of collusion or that plaintiff's efforts were the procuring cause of the sale", Mathews v. Cacioppo, La.App., 172 So. 584, at page 586, rejecting a real estate agent's claim for his commission; Moore v. Loe, La. App., 37 So.2d 345; Cobb v. Saucier, La. App., 30 So.2d 784. See also Lehmann v. Howard, La.App., 49 So.2d 453. "Where a broker has failed to effect a sale, and negotiations have ceased or been broken off, the owner may take up the negotiations where they were left off and himself complete the sale, and the mere fact that the sale may in some degree have been aided by the previous efforts of the broker does not of itself entitle the latter to a commission; i. e., unless it clearly appear that those efforts were in fact the procuring cause of the sale", Bullis & Thomas v. Calvert, 162 La. 378, at page 383, 110 So. 621, at page 623.
Defendant Fisher argues that plaintiff real estate agency was not the "procuring cause" of the sale. This is based upon the testimony of Herbert, Billups' co-employee, that Herbert had been interested in and seen Fisher about purchasing the property for himself personally before Fisher had listed it for sale with plaintiff real estate agency. These negotiations came to naught. Subsequent thereto and to its listing with Womack, Herbert had informed Billups of the house when the latter was transferred to Hammond, and had indicated it to Billups while they were passing by in a car.
This casual information played no substantial part in the ensuing negotiations. Both Billups and Womack testified that the former called the latter to assist him in finding a residence in Hammond (without specifying any particular house), was interested in Fisher's house when brought to several properties by plaintiff's salesman, who by appointment arranged to show Billups through Fisher's house and to introduce him to Fisher for the first time.
Uncontradicted evidence further shows that plaintiff altogether attempted to interest about twenty prospects in the purchase of the Fisher home, had secured an FHA appraisal at its own expense ($20) to facilitate financing by any prospective purchaser, and that it conducted intensive negotiations with Billups in an effort to sell said property to him, even (at Fisher's own request) past the technical termination date of the contract. As a matter of fact, these negotiations resulted in an offer from Billups $350 more than the price at which Fisher actually sold the property to Billups.
It seems to us undeniable that plaintiff's active efforts were a procuring cause of this sale. "`Procuring cause' refers to the efforts of a broker in introducing, producing, finding, or interesting a purchaser, and means that negotiations which eventually lead to a sale, must be the result of some active effort of the broker. Lehmann v. Howard, La.App., 49 So.2d 453, 454." 34 Words & Phrases (Pocket Part), Verbo "Procuring Cause."
Although agreement to sell is reached with the ultimate purchaser after the final expiration date of the contract as agent to sell the property (in this case, October 22nd), nevertheless the seller is liable to the agent for the latter's commission if the agent was the procuring cause of the sale, and if the sale was the direct and continuous result of negotiations entered into while the contract was in force, even though the selling price be lower than that *735 listed as minimum in the contract, Gottschalk v. Jennings, 1 La.Ann. 5; Corbitt v. Robinson, La.App., 53 So.2d 259; Sollie v. People's Bank & Trust Co., La.App., 194 So. 116; Harvey v. Winters, 1 La.App. 383. In all of these cases a broker was allowed to recover his fee although the seller did not reach agreement with the purchaser until after the technical expiration date of the agent's contract. As set forth in Harvey v. Winters, the rule is based upon equity and fairness, as otherwise the parties to the sale can easily avoid compensating the broker who brought them together to the verge of the sale by tacitly, or at least unprovably, agreeing to delay acceptance until after the broker's contract expires.[1]
In view of the foregoing, it is unnecessary to discuss at any length our belief that the record substantially indicates that although the formal agreement to sell was not executed until October 24th, actually an understanding to sell was arrived at on or before October 22nd, so as to render the seller liable to the broker under the specific terms of the contract, Caruso-Goll v. La Nasa, La.App., 72 So.2d 13; Adair v. Fleming, La.App., 68 So.2d 215; Zollinger v. Gust, La.App., 192 So. 132; Wolf v. Casamento, La.App., 185 So. 537.
Plaintiff answered the appeal, requesting allowance (in addition to commission) of the $350 attorney's fee demanded in the petition and rejected by the District Court.
In support of this demand plaintiff cites such cases as Raney v. Gillen, La.App., 31 So.2d 495, Givens v. Chandler, La.App., 1 Cir., 143 So. 79, awarding attorney's fees as an element of damages for breach of contract when there is fraud or bad faith, under Article 1934 (2), LSA-Civil Code, or as damages for an intentional or malicious wrongful act or trespass, Morgan v. Patkin, La.App., 1 Cir., 47 So.2d 91; DeGraauw v. Eleazar, La.App., 1 Cir., 24 So. 2d 180; Vidrine v. Vidrine, 1 Cir., 14 La. App. 484, 130 So. 244.
Attorneys fees were awarded a real estate agent for failure to comply with the contract to purchase in Blache v. Goodier, La.App., 22 So.2d 82 (certiorari denied), but were specifically based upon a clause in the contract permitting recovery of "`all fees and costs incurred in enforcing collection and damages'". 22 So.2d 88. They were disallowed in Blackshear v. Landey, La.App., 46 So.2d 688, on the ground that the contract did not provide for payment of them (as neither does the present contract).
Our Supreme Court has stated that, except as damages for dissolution of conservatory writs, "it is equally well settled that attorney's fees are not recoverable in a civil action in the absence of statute or contract", Brantley v. Tugwell, 223 La. 763, 66 So.2d 800, at page 801; Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437; Rhodes v. Collier, 215 La. 754, 41 So.2d 669. See Chauvin v. La Hitte, La., 85 So.2d 43, to same effect, and specifically disapproving some of cases cited by plaintiff.
The contract cases cited by plaintiff concern the recovery of damages for breach of a contractual obligation to do something other than to pay money, for which Article 1934, LSA-C.C., provides the measures of damages. Damages for breach of an obligation to pay a sum of money are limited to legal interest, Article 1935, LSA-C.C., unless expressly provided otherwise in the contract, Article 1934(5), LSA-C.C.
*736 For the above and foregoing reasons, the judgment of the District Court is affirmed. All costs to be paid by defendant-appellant.
Affirmed.
NOTES
[1] "The reports of appellate court decisions of this State teem with similar cases and as we said in the case of Jeter & Monroe v. Daniels, [La.App.] 25 So. 2d 911, 912: `Down through the years, as shown by the reported cases, beginning with Gottschalk v. Jennings, 1 La.Ann. 5, 45 Am.Dec. 70, to the present, people have sought to reap the benefits of the efforts of real estate brokers without paying them for their work. In every case where the broker has procured the purchaser, the courts have awarded judgment'". Cruse v. Bruscato, La.App., 28 So.2d 56, at page 58. See also Grace Realty Co. v. Peytavin Planting Co., Inc., 156 La. 93, 100 So. 62, 43 A.L.R. 1096.