SAVOY, Judge.
Plaintiff instituted this suit against defendant to recover a commission allegedly due him by defendant resulting from a sale of property owned by defendant and sold to W. D. Weaver.
*737 The record discloses that in 1959 plaintiff was a duly licensed real estate agent within the Parish of Natchitoches, Louisiana.
Plaintiff alleges in his petition that on or about April 16, 1959, he entered into a verbal agreement for the sale of a home being built by defendant. The house was to be sold for $13,500.00, and plaintiff was to receive $500.00 as his commission for the sale of said home.
Plaintiff alleges that shortly after the above agreement with defendant, he had a call from W. D. Weaver, wherein Weaver asked plaintiff to find a place for him to rent. Plaintiff suggested that Weaver buy a home rather than rent one. He then secured the keys from defendant, and plaintiff, Weaver, and his wife went to and examined the house owned by defendant, which is the subject of this controversy. While the parties were examining the property, defendant came by and entered into the discussions with plaintiff and the Weavers.
After considering the matter, the Weavers decided they did not want to pay $13,-500.00 for the residence owned by defendant, and by subsequent negotiations with defendant, they purchased the residence originally showed to them by plaintiff for a lesser sum than the original price of $13,500.-00, namely, $11,000.00.
The trial judge rejected the demands of plaintiff, being of the opinion that plaintiff should have secured a written agreement from defendant. Plaintiff appealed from this ruling
In Rolston v. Buff, (La.App., 1 Cir., 1961), 130 So.2d 732, the court said:
“ * * * However, it is a settled rule of law in this state that a contract to sell realty need not be in writing.” (Citations omitted.)
 This Court is of the opinion that although plaintiff did not have an exclusive contract with defendant for the sale of the instant property, he was a procuring cause of the sale. See Isaac v. Dronet, (La.App., 1 Cir., 1947), 31 So.2d 299. The term “procuring cause”, it has been stated, “refers to the efforts of a broker in introducing, producing, finding, or interesting a purchaser, and means that negotiations which eventually lead to a sale, must be the result of some active effort of the broker”, Womack Agencies, Inc. v. Fisher, (La.App., 1 Cir., 1956), 86 So.2d 732, allowing recovery to a plaintiff-broker.
The agreement between the plaintiff and the defendant was that the plaintiff should sell the house for $13,500.00 and receive a commission of $500.00 for the sale. Instead, the defendant sold the house himself for $11,000.00 to the purchaser procured by the plaintiff-broker.
As stated in Grace Realty Co. v. Peytavin Planting Co., 156 La. 93, 100 So. 62, 43 A.L.R. 1096:
“It is well settled that where a broker, who is employed to sell property at a given price, and for an agreed commission, has opened negotiations with a purchaser, and the principal, without terminating the agency or negotiations so commenced, takes it into his own hands, and concludes a sale for a less sum than the price fixed, the broker is entitled, at least, to a ratable proportion of the agreed commission.”
Under Louisiana law, where there is a variance between the terms of the sale and the terms of the agency agreement, and such variance was agreed to between the owner through his act in selling the property himself at the lesser figure, the agent is entitled to at least his pro rata commission. J. R. Grand Agency, Inc. v. Staring, 156 La. 1094, 101 So. 723; Foulks v. Richardson, (La.App., 1 Cir., 1956), 87 So.2d 335; Wright v. Monsour, (La.App., 2 Cir., 1956), 86 So.2d 586; Moore v. Walther, (La.App., 2 Cir., 1953), 66 So.2d 403; Corbitt v. Robinson, (La.App., 2 Cir., 1951), 53 So.2d 259; Lawrence v. Bailey, (La. *738 App., 2 Cir., 1949), 41 So.2d 474; and Jeter & Monroe v. Daniels, (La.App., 2 Cir., 1946), 25 So.2d 911.
In the present case, the agreement was for the real estate broker to receive a commission of $500.00 upon a gross selling price of $13,500.00, which amounts to a commission of 3.7%. Instead, the property was sold for $11,000.00, and so the broker is entitled to a commission of 3.7% of this amount, or a net commission of $407.00.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is reversed and judgment is entered in favor of the plaintiff and against the defendant, in the full sum of $407.00, together with legal interest from date of judicial demand until paid; the defendant-appellee is cast for all costs of these proceedings and of this appeal.
Reversed and rendered.