JANVIER, Judge.
The plaintiff is a partnership composed of the father, George E. Newell, and his son, Robert L. Newell. It is engaged in the real estate brokerage business in the general area of New Orleans. For convenience we shall refer to that partnership as “Newell”. Originally there were two defendants, Terry town New Orleans Corporation and Westwood Construction Co., Inc. Hereafter the first, and now the only remaining, appellee shall be referred to as “Terrytown; the other original defendant shall be called Westwood. West-wood was either a subsidiary of or was associated with a third corporation, Dover Homes, with which we are in no way concerned.
Westwood was desirous of obtaining land on the west side of the Mississippi River for use in the construction by Dover Homes of residences. It contacted Newell for the purpose of having that partnership locate *390 a suitable tract, having in mind property which might be or was divided into about 300 building sites. Terrytown was the owner of large tracts, particularly on the west side of the river, and, among other lands, owned a tract, or more probably it should be referred to as two tracts, which were divided by what is known as Behrman Highway. On the east side of Behrman Highway was a tract which could be divided into about 300 building sites and on the west side there were other tracts, one part of which was divided or suitable of being divided into 312 building sites. Having been requested by Westwood to attempt to locate the necessary land, Newell called upon Terrytown during the late summer of 1963, and, as a result, secured from Terry-town a letter which reads as follows:
“November 14, 1963
“George Newell and Son
1625 Metairie Road
Metairie, Louisiana
We hereby authorize you to submit approximately three hundred (300) building sites in Subdivision 8 of Terrytown, being part of Oakdale Subdivision, Section B in accordance with plat drawn by Adloe Orr, Jr. and Associates on April 30, 1962. It is understood that the lots you are hereby authorized to offer at a gross price of $4,500.00 — each would be limited to lots on the East side of Behr-man Highway, and excluding lots facing on Behrman Highway and Carol Sue Avenue. It is understood that the lots so offered would have all off-site development completed by Seller.
This authorization is for an offer to Westwood Construction Co. or affiliate thereof.
We agree to pay you, or your successors, a commission of $150.00 (One Hundred Fifty and NO/100 Dollars) for each lot that may be negotiated to Westwood Construction Company within six months from date hereof. Commission would be payable at time of Acts of Sale.
TERRYTOWN N. O. CORPORATION
BY /s/_
Earl W. McFarland”
There is a minor dispute over the authenticity of that letter since it was written by Earl W. McFarland, representing Terrytown, and McFarland says that he was an accountant for Terrytown, but never before or since undertook to act in any such matter for Terrytown. That question, however, is not important and is not stressed by Terrytown.
It should be noted that the letter authorized Newell to submit to a designated prospective buyer approximately 300 building sites “limited to lots on the East side of Behrman Highway.” On the day after Newell received that letter, at the request of Newell, Terrytown sent to Newell three plots or maps showing lands owned by Terrytown, including the two tracts mentioned and other lands.
Armed with this authority from Terry-town, Newell contacted Westwood and showed Westwood the land on the east side of the highway, which was the land he was authorized to offer for sale. It developed that Westwood was not interested in that tract and Newell made other efforts to find suitable land for Westwood, but at no time did he offer or was he authorized to offer land in the other tract on the west side of Behrman Highway. Negotiations were discontinued and Newell made no further efforts to locate a tract for Westwood and says that, to his surprise, on June 28, 1964, he noticed in a newspaper article that land on the west side of Behr-man Highway had been sold by Terrytown to Westwood.
Claiming that as a result of his contract of November 14, 1963, it was entitled to its commission, Newell brought this suit, pray *391 ing for a solidary judgment against West-wood and Terrytown for $45,000.00.
Both defendants filed exceptions of no cause or right of action which were overruled. Both then filed answers denying liability. At the trial Newell, Sr., testified, and, on cross-examination, placed on the witness stand Tillman Bordelon, representing Westwood, and Earl W. McFarland, representing Terrytown. The evidence showed, as already stated, that the land which had been sold by Terrytown to West-wood and which was on the west side of Behrman Highway was not contemplated by the letter of November 14, and counsel for Newell, obviously feeling that there could be no judgment in favor of Newell based on that alleged contract, asked for permission to amend the petition of plaintiff and to base plaintiff’s claim on quantum meruit on the theory that Newell’s efforts had been the procuring cause of the sale and that, accordingly, he was entitled to the commission for having effectuated the sale of the 312 lots.
The District Judge refused to permit the amendment. Both defendants again filed exceptions of no cause or right of action and this time both exceptions were maintained and the suit dismissed as to both.
Newell appealed devolutively, but only insofar as the judgment went in favor of Terrytown. Consequently, Westwood is no longer involved.
We have already set forth the principal evidence and need refer to only a few facts which Newell contends show that Newell was the procuring cause of the sale. These facts may be briefly stated. In the first place, it is shown that there was little difference in the size of the two tracts, one containing about 300 building sites and the other containing about 312, and that those two sites were immediately adjoining, being merely separated by the Behrman Highway. It is also shown by Newell that the price which he says he was to obtain for the lots contemplated by the letter of November 14 was at a gross price of $4500.00 each and that the lots which were sold on the west side of Behrman Highway were sold for $4200.00. However, the record leaves no doubt at all that the sale which was contemplated did not result from efforts of Newell and that Newell, Sr., admitted this in his testimony. When asked whether he had ever been given authority to sell lots on the west side of the Behrman Highway, he answered: “No, sir.” He was asked whether he had ever received written or oral authority to’ sell the land on the west side of the highway and he again answered: “No.” He was asked whether the letter referred to. did not specifically state on which side of the highway the contemplated land was situated, and he answered: “Absolutely. There is no argument about that.” He was also asked whether he had ever sold property to Westwood based on the authority of Terrytown and he answered:. “No,” and admitted that he had never submitted an offer for the sale of that property. He admitted that he had never introduced any representative of Westwood' to Terrytown and had never negotiated any sales between Westwood and Terrytown for this property.
For a broker to be regarded as the procuring cause for a sale of property, the negotiations which eventually lead to the sale must be the result of some active effort on the part of the broker. Gardner v. Fonseca, La.App., 85 So.2d 524. See, also, Womack Agencies, Inc. v. Fisher, La.App., 86 So.2d 732.
The judgment is affirmed at the cost of appellant.
Affirmed.