199 So.2d 577 (1967)
William Warren MUNSON
v.
Frank ALELLO.
No. 7043.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
*578 Ben E. Atkins, Baton Rouge, for appellant.
Ashton L. Stewart, of Laycock & Stewart, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
ELLIS, Judge:
This is a suit for a real estate commission allegedly due under a listing contract signed by defendant Frank Alello in favor of plaintiff, William Warren Munson, on February 5, 1965. The listing was obtained on behalf of Mr. Munson by one John C. Jackson, a salesman in Mr. Munson's office. Jackson had been contacted by John W. McLaughlin and Jack G. Menzie, who were interested in purchasing Alello's property, and who asked him if he could get a listing thereon. Mr. Jackson went to see Mr. Alello, and asked him what he wanted for the property. Mr. Alello said at that time that he wanted $80,000.00. He further stated that he was not willing to pay a real estate commission, and that any commission on the property would have to be added to the $80,000.00. He signed a listing contract with Munson to sell the property for $85,000.00 total, subject to a 6% commission. There seems to be little question that Mr. Alello was aware of the fact that Mr. Jackson was representing someone who was interested in buying the property, and that both Mr. McLaughlin and Mr. Menzie were aware that the purchase price was made up from the amount that Mr. Alello wished to realize from the sale plus the agent's commission.
As soon as he had obtained the listing, Mr. Jackson obtained an offer to purchase the property for $85,000.00, subject to a number of conditions which were typewritten on the back of the contract. These were not satisfactory to Mr. Alello and negotiations continued from that time until March 25, when Mr. Menzie and Mr. McLaughlin obtained an option to purchase the property from Mr. Alello for $85,000.00, subject to a number of conditions. This option to purchase was extended on June 11, 1965, for a period of sixty more days on the payment of an additional $1,000.00. The extension of the option was in the form of an offer to purchase, made on the standard form used by plaintiffs herein. On August 19, 1965, the sale from Alello to McLaughlin and Menzie was consummated for the sum of $85,000.00 cash, and subject to no special conditions. At that time, after receiving the purchase price, Mr. Alello refused to pay any commission to Mr. Munson, and this lawsuit resulted.
After trial on the merits, judgment was rendered in favor of plaintiff and against defendant for the sum of $5,100.00, 6% of $85,000.00. From that judgment, the defendant has prosecuted this devolutive appeal. In his brief, the appellant alleges two specifications of error. First, he alleges that the trial court was in error in holding that the activities of the plaintiff were the procuring cause of the sale; and second, that the trial judge erred in awarding judgment in the sum of $5,100.00.
There seems to be little doubt that the negotiations which were conducted relative to this sale were continuous from the time the first offer to purchase was presented on March 12, 1965. The record also reveals that Mr. Alello was illiterate and that he referred everything to his attorney. Apparently, during the course of the negotiations, it was difficult at times for the parties to contact Mr. Alello's attorney, and they would, therefore, contact Mr. Alello personally. Mr. Jackson's efforts in this regard were apparently so persistent that he began to irritate Mr. Alello, and McLaughlin and Menzie requested that he no longer participate in the negotiations. Thereafter, all negotiations were carried out by Mr. McLaughlin and Mr. Menzie. However, the offers, option, and the extension of the option were all prepared in Mr. Munson's office, and Mr. Jackson was in touch with the negotiations throughout.
*579 A real estate broker whose efforts were the "procuring cause" of a sale is entitled to be paid his commission, even though the sale is not consummated until after the expiration of the contract of agency. Bullis & Thomas v. Calvert, 162 La. 378, 110 So. 621 (1926); Lehmann v. Howard, 49 So.2d 453 (La.App. 2 Cir. 1950); Womack Agencies, Inc. v. Fisher, 86 So.2d 732 (La.App. 1 Cir. 1956); Foulks v. Richardson, 87 So.2d 335 (La. App. 1 Cir. 1956). As stated in the Womack Agencies case, supra, "procuring cause" refers to the efforts of a broker in introducing, producing, finding, or interesting a purchaser, and means that negotiations that eventually lead to a sale must be the result of some active effort of the broker.
In this case, the purchasers contacted the agent because they wanted the services of a professional in negotiating for the purchase of the property. It is equally apparent that Mr. Alello was aware that Mr. Jackson had clients who were interested in the property at the time that he gave the listing to him. It is undisputed that Alello wanted $80,000.00 net for the purchase price, and that the $5,000.00 added thereto was intended as the commission. Although Mr. Jackson did not participate in the latter stages of the negotiations, there was very little doubt throughout that the transaction would eventually be consummated. No question was ever raised as to the purchase price, and the only complication relative thereto was on the part of Alello, who had a tax problem. As a matter of fact, he finally received the consideration in cash. In addition, all of the documents which form the foundation for this suit, with the exception of the final act of sale, were drawn up in plaintiff's office. We find that the services performed by plaintiff, through Mr. Jackson, constitute the procuring cause of the sale within the meaning of the law.
We further find that plaintiff is entitled to collect no more than the $5,000.00 commission which was testified to be the amount by all parties. We are aware that the contract provides for a 6% commission on a total price of $85,000.00, but all of the testimony in the record shows that a $5,000.00 commission is what was contemplated by the parties. Had the testimony relative thereto been objected to, then it would have been inadmissible under the parol evidence rule. However, it is before us without objection and we do not feel that plaintiff should be allowed to recover in excess of the amount which he, himself, through his salesman, admits was all he was entitled to receive.
Accordingly, the judgment appealed from will be amended by reducing the amount thereof from $5,100.00 to $5,000.00, and as amended, is affirmed, at appellant's cost.
Amended and affirmed.