AYRES, Judge.
This is an action for the recovery of a realtor’s fee allegedly earned from a listing of property which was subsequently sold by the owner to one to whom plaintiff had exhibited and offered the property for sale. A defense is that the property was not sold within the period following the termination of the contract so as to entitle plaintiff to claim the fee based on its sale. Plaintiff’s demands were rej ected and she appeals.
The issues are factual in character and require, for their understanding and resolution, a brief review of the facts. Under date of April IS, 1965, and for a period of three months, defendant listed his residence for sale with plaintiff realtor. This contract expired July 15, 1965. On that date a new listing was made for one month. This contract expired August 15, 1965. Each of the contracts contained this provision:
“Should this property be sold by me [the owner], by you [the realtor] or by any other agent during the existence of this contract, or should be sold within six months after the expiration of this contract to anyone to whom this property has been exhibited or offered for sale by you for the price above set out or for any other price, I agree to pay you the above stipulated commission as a consideration for your previous efforts to sell the property.”
The burden is of course upon plaintiff to establish by a reasonable preponderance of the evidence every essential fact necessary for her recovery. In this regard it may be pointed out that neither plaintiff nor her associate testified with any degree of certainty that the property was shown or offered to the ultimate purchaser during the term of the second contract; nor was that fact otherwise established. This second listing is therefore without application to the issues presented here.
The record does, however, establish that during the term of the first contract plaintiff or her associate, Percy L. Fallin, exhibited and offered the property for sale to Ray Arnold Simmons. This was during a “home show” sponsored by the realtors of Minden May 15 and 16, 1965. Sale of the property was subsequently discussed by *441 Fallin and Simmons within the term of the contract. Simmons became disinterested in the property and so informed Fallin, but he again became interested in the property in January, 1966, and called Fallin inquiring if the property was listed for sale. Upon being informed that the property was no longer listed with plaintiff’s agency, Simmons contacted defendant, Humble, directly. An agreement for the purchase of the property was reached January 16, 1966, A deed was prepared and executed January 17, 1966. The six-month period following the expiration of the contract, wherein plaintiff could claim a realtor’s fee on the sale of the property to one to whom she had offered the property, had expired before the sale was agreed upon.
There is no evidence of any collusion between the seller and the purchaser or of any purpose or intent to deprive plaintiff of a fee; insofar as the record shows, both acted in the utmost good faith.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.