HEARD, Judge.
This is a suit by a real estate agent to recover commissions alleged to be due him as the result of the sale of property by the defendant-owner. From a judgment rejecting plaintiff’s demands plaintiff appealed.
It is shown that defendant, Leonard K. Bray, owned his home described as Lot Thirteen (13), Southridge Addition to Southern Hills Unit No. 1, a subdivision of Caddo Parish, La. On March 31, 1969 he entered into an exclusive agency contract to sell the premises with plaintiff Charles Kirkland, Jr., the contract providing for employment for a period of six months with a provision for cancellation after sixty days upon written notice to plaintiff agency ten days after receipt of notice. The contract further provided for compensation of the agent in the event of the sale or exchange of the property by the agent or any other agent or person including the owner while the contract was in force or if sold or exchanged within six months after termination of the contract to anyone with whom the agent or owner had negotiated or to whom the property had been shown or submitted prior to termination.
On April 1, 1969 defendant and his wife wrote a letter to plaintiff Kirkland Real Estate Company authorizing it to reject any offer to sell the property for less than $22,000. The property was duly advertised in newspapers and periodicals for at least eight times during the term of the contract. There was a discussion between the owner and agent that a new dishwasher should be installed which was done at a reduced price by the agent. On May 20, 1969 defendant Bray by letter notified plaintiff that he desired to terminate the contract as of May 30, 1969 as provided in the contract. This letter was received by plaintiff on May 21. On June 2, 1969, a deed was filed of record conveying the property from defendant to Curtis R. McLeod. On June 4, 1969 plaintiff filed a lien of record to obtain payment for its dishwasher. It was also established by the evidence that McLeod and Bray had in prior years been employed by the same oil company and were very close friends. Prior to the time the contract was entered into between plaintiff and defendant, McLeod had a discussion with Bray about purchasing the property but the sale had not been consummated. The evidence is not entirely clear but from the testimony of McLeod the deed had been prepared on or about May 28. The effective date of the termination date of the contract was May 31. It is not disputed that plaintiff had never at any time presented the owner with a buyer for the property nor was it disputed that plaintiff was not the procurer of the subsequent buyer, Mr. McLeod. Appellant alleges that the trial judge was in error in finding that the contract contained and granted plaintiff the exclusive right to sell. The contract particularly specifies that the defendant shall be the exclusive agent to sell. In the case of McKinney Realty Company v. Kabel, La.App., 131 So.2d 567 (4th Cir. 1961) the court distinguishes between the exclusive right to sell and the exclusive agent to sell. In that case the court said:
“A real estate broker who has only an exclusive agency to sell is not entitled to a commission on sales made by the owner himself. He is entitled to a commission only on sales made by himself to purchasers produced by or through himself. Such a contract does not give the broker the exclusive right to sell the property; it simply precludes the owner from appointing any other agent during the life of the contract. O’Neal v. Southland Lumber Co., 168 La. 235, 121 So. 755. The jurisprudence clearly distinguishes the appointment as exclusive agent from the contract of employment conferring upon a real estate broker the exclusive right to sell, which latter entitles the broker to commissions on all sales during the life of the contract including those *603 made by the owner. O’Neal v. Southland Lumber Co., supra; Donlon v. Babin, La.App., 44 So.2d 134.” [131 So.2d 567, 568]
In the case of Womack Agencies v. Fisher, La.App., 86 So.2d 732 (2d Cir. 1956) the property was sold by the owner after the termination date of the contract. In that case the real estate agent had negotiated with the subsequent buyer during the term of the contract. Therein the court stated:
“It seems to us undeniable that plaintiff’s active efforts were a procuring cause of this sale. ‘ “Procuring cause” refers to the efforts of a broker in introducing, producing, finding, or interesting a purchaser, and means that negotiations which eventually lead to a sale, must be the result of some active effort of the broker. Lehmann v. Howard, La.App., 49 So.2d 453, 454.’ 34 Words & Phrases (Pocket Part, Verbo ‘Procuring Cause.’ ”
“Although agreement to sell is reached with the ultimate purchaser after the final expiration date of the contract as agent to sell the property (in this case, October 22nd), nevertheless the seller is liable to the agent for the latter’s commission if the agent was the procuring cause of the sale, and if the sale was the direct and continuous result of negotiations entered into while the contract was in force, even though the selling price be lower than that listed as minimum in the contract, Gottschalk v. Jennings, 1 La.Ann. 5; Corbit v. Robinson, La.App., 53 So.2d 259; Sollie v. People’s Bank & Trust Co., La.App., 194 So. 116; Harvey v. Winters, 1 La.App. 383. In all of these cases a broker was allowed to recover his fee although the seller did not reach agreement with the purchaser until after the technical expiration date of the agent’s contract. As set forth m Harvey v. Winters, the rule is based upon equity and fairness, as otherwise the parties to the sale can easily avoid compensating the broker who brought them together to the verge of the sale by tacitly, or at least unprovably, agreeing to delay acceptance until after the broker’s contract expires.” [86 So.2d 732, 734-735]
In the present case plaintiff has not proven by a preponderance of the evidence that there were any negotiations between the subsequent purchaser and the owner during the term of the contract. It is admitted that plaintiff was not the procuring agent. In the case of Carey v. Humble, La.App., 212 So.2d 439 (2d Cir. 1968) the court stated:
“The burden is of course upon plaintiff to establish by a reasonable preponderance of the, evidence every essential fact necessary for her recovery. In this regard it may be pointed out that neither plaintiff nor her associate testified with any degree of certainty that the property was shown or offered to the ultimate purchaser during the term of the second contract; nor was that fact otherwise established. This second listing is therefore without application to the issues presented here.” [212 So.2d 439, 440]
In view of the findings that the sale was made after the termination of the contract and that plaintiff was not the procuring agent and there had been no negotiations between the owner and the buyer during the term of the contract, it is not necessary to discuss the demand for attorney’s fees.
We find no manifest error in the ruling of the trial court and the judgment appealed is accordingly affirmed at appellant’s cost.
Affirmed.