LOTTINGER, Judge.
This is a suit by Charles Langford, d/b/a Langford Real Estate, against Pioneer Land Company, Inc., hereafter referred to as Pioneer and Charles G. McDonald, hereafter referred to as McDonald, for an alleged real estate commission of $50,000.00.
The Lower Court rendered judgment in favor of defendants dismissing petitioner’s suit, and the petitioner has taken this appeal.
On November 1, 1968, petitioner and Pioneer entered into a real estate listing agreement wherein Langford was designated the exclusive agency to sell certain leasehold rights owned by Pioneer for a period of ten days. The listing was for the price and sum of $225,000.00 and the agreed commission to petitioner was $50,-000.00. The listing contained the following clause:
“Should the property be sold within sixty days after the expiration of this contract to anyone to whom the said agent has previously offered it, I/we agree to pay said agent the stipulated commission on the sale price. I further agree to refer any and all prospective buyers to CHAS. LANGFORD REAL ESTATE.”
Subsequent to the signing of the said listing agreement, and within the primary ten day period, Mr. Lewis C. Peters and Sidney Barton Bennett, Sr., at the request of Mr. Langford, showed the property in question to Mr. Charles G. McDonald, a defendant herein. Some time subsequent to the said ten day period, and in the latter part of November, 1968, McDonald contacted Pioneer and entered into direct negotiations for the purchase of said property the tentative price thereon being the sum of $162,500.00. Subsequently, on November 20, 1968, McDonald and Pioneer discontinued negotiations because of the fact that other individuals, hereafter referred to as the Donnell group, had made an offer of $175,000.00 for the purchase of said property and, on November 21, 1968, an option to purchase said property was granted by Pioneer to the Donnell Group for the sum of $25,000.00.
Subsequently, by letter dated January 20, 1969, Pioneer extended the option to purchase by the Donnell Group for the consideration of $1,000.00. On January 31, 1969, an additional extension was granted by Pioneer to the Donnell Group for the consideration of $25,000.00, however, it developed that the check given for this extension was worthless.
*167 On February 12, 1969, an act of sale was made by Pioneer to McDonald of the said leasehold rights for the consideration of $175,000.00.
The petitioner contends that the sale by Pioneer to McDonald on February 12, 1969, was as a result of the original pro-curation by petitioner and that, therefore, he is entitled to the $50,000.00 for which he now sues. It is further contended by petitioner that although the original ten day primary term as well as the 60 day secondary term under the listing agreement has expired, the actions of both Pioneer and McDonald were in bad faith and conducted so as to circumvent the payment of the real estate commission called for in the agreement and that, therefore, judgment should be rendered in his favor.
At the outset it is well to mention that the evidence discloses that during the period from early November 1968 until the negotiations were terminated on November 20, 1968, all of the negotiations on behalf of Mr. McDonald for the purchase of this property were conducted by his real estate broker, Mr. Jim Newsom. Defendant, McDonald, never personally met with anyone representing Pioneer until February 10, 1969, just a couple of days before the sale.
It is also well to note that the record does not disclose any collusion or fraud on the part of either Pioneer or McDonald, on the one hand or between McDonald and the Donnell Group, on the other hand. The Donnell Group expended a rather sizeable amount of money in attempting to purchase the property before its attempts failed.
Mr. Ernest C. Donnell, Jr., testified that he did not know Mr. McDonald, that he never did carry on any discussions with McDonald or anyone purporting to act on his behalf concerning any matter regarding the particular property involved.
Although we are not favored by written reasons by the Lower Court, in its oral reasons it did cite the case of Carey v. Humble, La.App., 212 So.2d 439 as controlling of the issues involved. In the Carey case, a three month listing was entered into on April 15, 1965. This contract expired July 15, 1965. On that same day, a new listing was made for one month. This contract expired August 15, 1965. Each of the contracts specified that should the property be sold by the agent during the existence of the contract or within six months after its expiration to anyone to whom this property had been exhibited or offered for sale for the price set out, that the seller would pay the stipulated commission as consideration for the services of the realtor to sell the property.
The evidence in that case disclosed that although the property was shown or offered to the ultimate purchaser during the time of the first contract, the evidence failed to disclose that the realtor had shown or offered the property to the ultimate purchaser during the second listing. The Court held that the second listing was without application to the issues presented in the case. The Court then went on to hold that although the property had been shown to the ultimate purchaser during the first or original listing, the property was not sold until January 17, 1966, which was subsequent to the termination of the six month period following the expiration of the contract. Accordingly, the Lower Court held in favor of defendant and dismissed petitioner’s suit.
We agree with the Lower Court that the decision in Carey v. Humble (supra) are controlling of the situation which is now before us. The record clearly discloses that the sixty day period following the expiration of the ten day contract, wherein petitioner could claim a realtor’s fee on the sale of the property to one whom she had offered the property, had expired before the sale was agreed on. As we have previously stated, there is no evidence or any collusion between the defendants or any other parties, nor of any purpose or intent to deprive petitioner of a realty fee.
*168 For the reasons hereinabove assigned, the Judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.