MILLER, Judge.
Defendants Edley Hixson, Jr. and Magnolia Life Insurance Company appeal the judgment awarding plaintiff Joe Guillory, d/b/a Joe Guillory Realty, fees totalling $12,919.09. We reverse.
During the summer of 1972, Lewis Wheeler was employed by the Paul Guillo-ry Agency as a real estate agent. Later that year he left Paul’s Agency and began work for plaintiff Joe Guillory Realty.
While employed by Paul, Wheeler and Hixson agreed that Wheeler would look for suitable farm properties for Hixson *477 to. purchase. Wheeler showed the Shultz farm to Hixson and extensive negotiations were undertaken by Hixson leading to his June 1973 purchase of the property. Sales were perfected almost a year after Wheeler’s efforts terminated and after Wheeler left Paul to join Joe’s agency.
Wheeler told Hixson of his change in employment and continued to search for potential investment properties for Hixson. In April of 1973, Wheeler took Hixson to see the Carpenter farm in Allen Parish. An agreement to purchase was signed in which Carpenter agreed to pay all broker’s commissions. However, this contract was voided by agreement of both parties and a new contract was confected a day or two later with a $12,000 reduction in price. Prior to confecting the sale, Hixson notified the brokers that he had agreed to buy the property on new terms.
Wheeler’s suit against Hixson to recover a fee based on a percentage of the purchase price for the two sales was dismissed on an exception. That judgment became final without an appeal.
We do not reach several issues—the principal one being the credibility issue relating to the parties’ agreement or non-agreement to the percentage fee awarded by the trial court.
As to the commission awarded on the Shultz farm transaction, Hixson correctly points out that Joe Guillory is not the proper party. The contract was con-fected while Wheeler was employed by the Paul Guillory Agency and no effort was made to prove Paul transferred his rights to a commission to the Joe Guillory agency. Insofar as the Shultz sale is concerned, Wheeler was acting as agent for Paul in contracting with Hixson as a real estate sales agent. Although Wheeler did not inform his broker (Paul) of his agreement with Hixson, he and Hixson both testified Wheeler represented himself to Hix-son as an agent employed by Paul. Their transaction then was agency business belonging to Paul. The contract under which Hixon was shown the Shultz farm and which ultimately led to Hixson’s acquisition was a contract with the Paul Guillo-ry Agency.
We agree with the trial court’s statement that the rules of the Louisiana Real Estate textbook are not controlling, and that a commission is not “earned” until a sale is executed. These are only factors to aid in determining the party to whom the commission is due.
Through his agent Wheeler, Paul Guillory introduced parties who ultimately confected a sale. Even though the Wheeler-Paul agency relation terminated well before the sale, and the agent through whom the agreement was concluded had left Paul’s employment, Paul Guillory’s right to a commission was not affected. Once the contract of agency is established, even though it may terminate prior to execution of the sale, the broker is entitled to his commission where he was the procuring cause. Sleet v. Williams, 291 So.2d 495, 497 (La.App. 3 Cir. 1974); Munson v. Alello, 199 So.2d 577 (La.App. 1 Cir. 1967); Searcy v. Jacobs, 151 So.2d 166 (La.App. 4 Cir. 1963).
There is no evidence that Paul assigned or otherwise transferred his rights to plaintiff Joe Guillory. The fact that Wheeler’s employment with Paul terminated and he then went to work for Joe does not transfer Paul’s right to commissions contracted for while Wheeler was employed by Paul. The sales agent (Wheeler) has no independent contractual right. Bristol v. Korol, 295 So.2d 520 (La.App. 1 Cir. 1974). Joe could not obtain rights from Wheeler with respect to the sale of the Shultz farm.
Plaintiff’s claim for a commission based on the sale of the Shultz property cannot be sustained.
With respect to the Carpenter farm, the claim fails for the reason that all parties testified that Wheeler’s employer’s commission on the sale was to be obtained from Carpenter through Carpenter’s agent the Bob House Agency.
*478 Although Carpenter and Hixson can-celled the specific agreement by which the House Agency and Wheeler’s employer were to be paid commissions, Hixson refused to purchase the property from Carpenter until the agents involved in the transaction were notified the parties had reached a new agreement.
On this record, the procuring cause of the sale by Carpenter to Hixson was established to be the efforts by House and Wheeler. The fact that the sale was con-fected a day or two after the parties can-celled their first agreement to buy and sell does not defeat the brokers’ rights to their fees. That fee may be due by Carpenter, but it is not due by defendants.
There is nothing in the record to indicate Hixson undertook to guarantee or otherwise be a surety with respect to the agency agreements with Carpenter, nor is there anything to suggest Hixson was substituted as the party who undertook to pay the agency commissions.
The trial court judgment is reversed and set aside, and plaintiff’s claim is dismissed. Costs of court at trial and on appeal are assessed to plaintiff.
Reversed and rendered.