SAMUEL, Judge.
Plaintiff, an incorporated real estate agency, filed this suit against Mr. and Mrs. Paul H. Muller and Vanguard Homes, Inc. to recover $792 allegedly due.as a commission. Vanguard answered, denying liability, and filed a third-party demand against the Mullers. After trial judgment was rendered in favor of the Mullers and against the plaintiff, dismissing the latter’s demand as against those defendants, and in favor of plaintiff and against Vanguard in the amount prayed. The third-party demand was dismissed. Vanguard has appealed.
The record contains the testimony of five witnesses: Mr. John Hankey, president of the plaintiff corporation; Mr. Paul Moody, president of Vanguard; Mr. and Mr. Muller; and the secretary of Home Building & Loan Association. In many instances the testimony is confusing and conflicting. But from our reading of the record we find the facts to be as follows:
Vanguard was engaged in the business of selling real estate and homes which it constructed thereon in accordance with the purchaser’s requirements. Acting in its capacity as real estate agent plaintiff interested Mr. and Mrs. Paul H. Muller in purchasing such a property and brought the Mullers and Vanguard together; the two were unknown to each other prior to that time. On February 21, 1965, as a result of plaintiff’s endeavors and by offer made and accepted on that date, Vanguard and the Mullers entered into a written agreement to purchase and sell whereby Vanguard was to construct a house in accordance with plans selected by the Mullers on two specified lots in the Parish of Jefferson and sell the same to the Mullers for the price of $19,800, $4,000 of which was to be paid in cash, contingent upon obtaining the balance of $15,800 by mortgage loan on the property as security. The agreement contained the following provision relative to that mortgage loan: “Should the loan stipulated above be unobtainable by the purchaser, seller or agent within 60 days from date of acceptance hereof, this contract shall become null and void, * * * ” It also provided the seller (Vanguard) was obligated to pay the agent’s commission of 4% and it was signed as agent by Hankey, plaintiff’s president.
Vanguard’s president, Moody, handled the balance of the transaction. Through his efforts Paul H. Muller applied to Home Building & Loan Association for the $15,-800 mortgage loan. But after obtaining an appraisal that homestead informed Moody the maximum amount it could or would loan on the property was $14,800. This failure to obtain the loan called for by the agreement, plus (according to his testimony) Muller’s inability to pay closing costs which the contract obligated the purchasers to pay, resulted in the sale contemplated by the contract not being passed within the 60 day period.
Thereafter Moody and Paul H. Muller engaged in further negotiations of which Hankey was not informed and in which he took no part. As a result of these negotiations Muller agreed to pay $5,000 in cash instead of the $4,000 originally required *323 (he borrowed the additional $1,000 from a relative) and Vanguard agreed to pay the closing costs of the sale. On April 30, 1965 another written agreement to purchase and sell was entered into by Vanguard and Paul H. Muller under which Vanguard was to construct a house on the two Jefferson Parish lots and sell the same to Muller for the price of $19,800. This agreement culminated in a sale on May 5, 1965 with the loan being made by Home Building & Loan Association.
The first agreement dated February 21, 1965, which terminated on April 22, 1965 under that contract’s provisions relative to the contemplated mortgage loan being unavailable, and the second dated April 30, 1965 called for the same plans and house, the same lots and the same purchase price; in both instances the same lending institution was involved. With only the following two exceptions, the contracts were identical in every respect here material: (1) the first provided for a 4% agent’s commission and was signed by Hankey while the second did not provide for an agent’s commission, was signed by only Vanguard and Muller, and made no mention of plaintiff or its president; and (2) the first called for a cash payment of $4,000 and a loan of $15,800 while the second called for a cash payment of $5,000 and a loan of $14,800.
In this court appellant makes no complaint concerning the dismissal of its third-party demand against the Mullers; nor does it contend that, should plaintiff be entitled to a commission, the proper amount thereof is less than that awarded by the trial court. It seeks only a reversal of that portion of the judgment which casts it for the $792 commission the trial court held was due plaintiff. Appellant contends plaintiff is not entitled to a commission because the time for fulfilling the suspensive condition, i. e., the 60 days from date of acceptance within which to obtain the mortgage loan of $15,800 on the property, had expired, the contract was null and void after that expiration, and thereafter there was no contract between plaintiff and Vanguard for the payment of a commission. We agree the inability to obtain the loan within the required period did have the effect of relieving the principal parties to the contract from any liability to each other, but we are of the opinion that under the facts of this case the plaintiff is entitled to its commission.
Generally, in the absence of an existing exclusive agency contract, where an agent has failed to effect a sale and negotiations have ceased or broken off, the owner may himself complete the sale and the fact that the sale may have been aided in some degree by previous efforts of the agent does not of itself entitle the latter to a commission; but based on the equitable maxim that the principal shall not be permitted to enrich himself at the expense of the agent whose services have inured to his benefit, the agent is entitled to a commission when it clearly appears that his efforts were the procuring cause of the sale. Grace Realty Co. v. Peytavin Planting Co., 156 La. 93, 100 So. 62; Gottschalk v. Jennings, 1 La.Ann. 5; see Freeman & Freeman v. Torre Realty & Improvement Co., 157 La. 1093, 103 So. 334; Lewis v. Manson, 132 La. 817, 61 So. 835.
In the instant case, beyond question, plaintiff was the procuring cause of the agreements to purchase and sell between Vanguard and Muller and of the subsequent sale by the former to the latter. We also find that negotiations for the sale and purchase between Vanguard’s president and Paul H. Muller continued without interruption following the homestead association’s refusal to lend the full amount of $15,800 until those negotiations culminated in the agreement of April 30, 1965, approximately one week after the termination of the first agreement by reason of the non-fulfillment of the suspensive condition, and the sale of May 5, 1965. Under these circumstances plaintiff is entitled to its commission despite the fact that the first agreement had terminated. Howell v. Thomp *324 son, La.App., 38 So.2d 167; White v. Havard, La.App., 25 So.2d 108.
Nor does the fact that Vanguard may have reduced the purchase price by assuming payment of closing costs have the effect of depriving plaintiff of a commission. That a vendor of real estate reduces the price thereof in order to effect a sale of realty to one previously procured by a real estate agent as his prospective purchaser does not release the vendor from his liability to pay the agent’s commission. Gottschalk v. Jennings, supra; Grace Realty Co. v. Peytavin Planting Co., supra; Lawrence v. Bailey, La.App., 41 So.2d 474; Howell v. Thompson, supra; Jeter & Monroe v. Daniels, La.App., 25 So.2d 911; White v. Havard, supra.
The judgment appealed from is affirmed.
Affirmed.