ELLIS, Judge.
This is a suit for a real estate commission. From a judgment in favor of plaintiff, defendant has brought this suspensive appeal.
Defendant signed an offer to purchase certain property in St. Tammany Parish for the sum of $25,000.00 net to^ the owners, and under the terms thereof agreed to pay a 6% commission to plaintiff herein and Breeding Realty Company. The offer was originally to expire on June 16, 1965, but *93 was subsequently extended to noon on June 21, 1965, and then to 2:00 p. m. on June 22, 1965. It was accepted subject to approval of Court by the National Bank of Commerce in New Orleans, trustee and agent, through John Morgan, Trust Officer, at 1:45 p. m. on June 22, 1965. At that time, the property was owned jointly by the National Bank of Commerce as Trustee under the will of Leonce Bonnecaze, Jr., and Mrs. Iyla T. Bonnecaze, who was not represented by the National Bank of Commerce.
Subsequent to the time of the acceptance, it was discovered that there were certain title difficulties involving the boundaries of the property. As a result thereof, on October 21, 1965, a letter was written to Mr. Duczer under the terms of which the bank agreed to accept $22,450.00 for the property, and Mr. Duczer to take title thereto subject to the title difficulties. This letter was also signed by Donald A. Hammett as agent for Mrs. Bonnecaze, and agreed to by Mr. Duczer.
The act of sale was eventually passed under the terms of the letter of October 21, 1965. In addition to the original purchase agreement and the letter of October 21, there also appears in the record a letter dated June 15, 1965, signed by Mr. Duczer and addressed to Mr. Derbes whereby he agrees to pay Mr. Derbes his share of the commission, amounting to $750.00, at the time the act of sale is passed.
Defendant’s specifications of error are as follows:
“I. The lower court’s failure to find that the agreement providing for a real estate commission was never made ex-ecutory by acceptance thereof.
“II. The lower court’s finding that plaintiff-appellee was a procuring cause of the transaction and that he performed services which resulted in the agreement dated October 21, 1965.
“III. The lower court’s failure to find that plaintiff-appellee made misrepresentations concerning the existence of a listing agreement on the property in his favor.”
Specification of error Number I is based on the fact that the original offer to purchase was never accepted by Mrs. Bonnecaze or by anyone on her behalf. However, appellant overlooks the fact that not only did Mrs. Bonnecaze’s attorney sign the letter of October 21, which certainly had the effect of binding her to the original agreement, but that Mrs. Bonne-caze signed the act of sale to defendant, which of course had the effect of ratifying the original agreement to purchase.
With respect to the second specification of error, the record shows very clearly that a prior offer had been submitted through Derbes for $25,000.00 gross, and that it was not accepted. Subsequently, the offer of $25,000.00 net was submitted. This offer was eventually accepted by the National Bank of Commerce and Mr. Der-bes’ testimony that he was in contact with the officials of the bank relative thereto throughout the period between June 15 and June 22 is undisputed. It is also clear from the record that Mr. Derbes had a long history of association with the Bonnecaze real estate interests, that he had managed their properites, and that he in fact recommended to the trust and the family the acceptance of the offer in this case. In order for the efforts of a real estate broker to be a procuring cause in a sale, negotiations which eventually lead to a sale must be the result of some active effort on the part of the broker. Womach Agencies v. Fisher, 86 So.2d 732 (La.App. 1 Cir.1956). We find that Mr. Derbes’ services are sufficient to constitute a procuring cause of the sale.
The third specification of error is not supported by the evidence. Nowhere in the record is there any testimony as to any misrepresentation made by Mr. Derbes. It is true that he had no written listing on the property, and that Mr. Duczer made his offer predicated on the assumption that he *94 had a listing. However, nowhere in the record is there any evidence to indicate that Mr. Derbes ever intimated to Mr. Duczer that the listing existed at all.
Since we are of the opinion that the specifications of error are without merit, the judgment appealed from is affirmed, at defendant’s cost.
Affirmed.