ELLIS, Judge:
This is a suit by plaintiff O. D. Judge to recover from defendants Leroy Harvey and James Harvey the sum of $2,790.00 allegedly due him as a commission on the sale of a herd of dairy cattle. From an adverse judgment, plaintiff has appealed.
Plaintiff, a cattle broker, was advised by defendants that they had a herd of approximately 200 dairy cattle for sale. The parties made an oral agreement whereby defendants agreed to pay plaintiff a commission of 5% of the purchase price of any cattle which he sold. In the trial court, plaintiff contended that he had an exclusive commission to sell the herd, but has apparently abandoned that contention in this court.
Thereafter, plaintiff advertised the herd for sale in the Louisiana Market Bulletin and in two daily newspapers in Baton Rouge. In addition, he sent out letters to prospective buyers. He called Mr. Robert Simon, an employee of The Borden Company, to ascertain the production base of the herd, and, at that time, advised him that he was listing the herd for sale. This took place in May, 1970. On about June 1, 1970, plaintiff had a prospective buyer for a portion of the herd, but, for reasons not attributable to either plaintiff or defendants, the sale was not consummated.
Some time later, two persons from Arizona, on their vacation, Mr. Feenstra and Dr. Bair, came by the Borden plant and told Mr. Simon they were interested in buying a dairy herd. Mr. Simon told them that the defendants’ herd and one other herd were for sale, and mentioned that Mr. Judge had them listed.
Mr. Feenstra and Dr. Bair contacted defendants direct, and, after some negotiation, bought 185 head of the herd. When Mr. Judge learned of the sale, he demanded a commission which defendants refused to pay, and this suit followed.
In the absence of an exclusive listing contract, a broker who has failed to effect a sale is not entitled to a commission unless it clearly appears that his efforts were a procuring cause of the sale. Saturn Realty, Inc. v. Muller, 196 So.2d 321 (La.App. 1 Cir. 1967).
“ ‘Procuring cause’ refers to the efforts of a broker in introducing, producing, finding, or interesting a purchaser, and means that negotiations which eventually lead to a sale, must be the result of some active effort of the broker.” Womack Agencies v. Fisher, 86 So.2d 732 (La.App. 1 Cir. *372 1956); Derbes v. Duczer, 209 So.2d 92 (La.App. 1 Cir. 1968).
We do not believe that the fact that Mr. Judge told Mr. Simon that he was listing the defendants’ herd is sufficient to constitute the procuring cause of the sale. All of plaintiff’s efforts were directed toward other prospective purchasers. Mr. Feenstra and Dr. Bair had no contact, direct or indirect, with plaintiff. They carried out their negotiations directly with defendants, and the sale had been completed before plaintiff knew anything about it at all. Absolutely no business or agency relationship existed between Mr. Simon and plaintiff.
Since plaintiff did not have an exclusive listing of the herd, and since he was not the procuring cause of the sale thereof, he is not entitled to recover a commission.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.